## SUPREME COURT.

### COLLINS AND OTHERS agt. CAMPFIELD AND OTHERS.

The act of 1853 (*Sess. Laws* 1853, *p.* 974) was intended to authorize service of process, &c., when the party to be served *could not be found*, (either in or out of the state,) or being found, should avoid or evade personal service.

Where, upon a statement of the defendant's wife, that he had gone to the state of Ohio, and was not expected back during the summer, except on a visit— *held*, that an order under the act of 1853 for the service of a summons and complaint upon the defendant was irregular.

Besides, there was no necessity of resorting to this mode of service in this case,

as, the action being for the foreclosure of a mortgage, the service might have been made by publication under the 135th section of the Code.

*Albany Special Term, June,* 1854.—Motion to set aside service of summons and complaint.

On the 21st of April, 1854, the plaintiffs presented to the county judge of Schenectady an affidavit of a deputy sheriff, stating that the residence of the defendant, George Campfield, was in the village of Scotia, in the county of Schenectady, and that he had made diligent efforts to serve the summons and complaint in this action upon him, and that he could not be found so that such service could be made personally; that, on going to his residence to make such service, he was informed by the wife of the defendant that he was then in Ohio, and that she did not expect him back this summer, except on a visit.

Upon this affidavit an order was made directing that service of the summons and complaint be made by leaving a copy thereof at the residence of the defendant, George Campfield, with some person of proper age, if admittance could be obtained, and such proper person could be found who would receive the same; and, if admittance could not be obtained, or any such proper person could not be found who would receive the same, then by affixing the same to the outer or other door of said residence, and putting another copy, properly folded or enveloped and directed to the defendant at his residence, into the post-office of the village of Scotia, and paying the postage thereon.  Pursuant to this order, and on the same day, the summons and complaint were served by leaving a copy at the residence of the defendant, Campfield, with his son, who received the same, and by putting another copy in the post-office, as directed by the order.

The defendant, Campfield, moved to set aside the service of the summons and complaint, upon the ground that the order of the county judge was unauthorized and void.

BARNARD and PARSONS, *for plaintiffs.*
C. B. COCHRAN, *for defendants.*

HARRIS, Justice.   The act of 1853 (*Sess. Laws,* 1853, *p.* 974)

was intended to authorize the mode of service which has been adopted in this case, when the party to be served *could not be found*, or being found, should avoid or evade personal service. Neither is shown to be true in this case. It is not pretended that the defendant, Campfield, had avoided or evaded personal service of process, nor was it shown that he could not be found. The ground upon which the application for the order was founded was, that, though a resident, the defendant was absent, so that he could not be personally served with process. The officer employed to make the service was informed where he was; and the only obstacle in the way of a personal service was, that he was out of this state. Such a case is not within the terms or intent of the act of 1853.

Nor had the plaintiffs any occasion to resort to this extraordinary mode of service. If it be true, as was stated upon the argument, that the action is brought to foreclose a mortgage; the plaintiffs, upon showing that the defendant could not, after due diligence, be found within this state, might have had an order that service be made by publication in the manner prescribed by the 135th section of the Code. Whether the defendant was a resident or not, the case would have been within the 4th sub-division of that section.

It was insisted by the defendant's counsel that the case was also within the *third* sub-division of the 135th section. But I am not prepared to say that the plaintiffs could have had an order for publication merely on the ground that the defendant was a non-resident. His family reside in this state, and the only evidence to show that the defendant himself was a non-resident is, the statement of his wife, that he was in Ohio and was not expected back this summer, except on a visit. It is true, that a man may have his domicil in this state, and yet not be a resident. To constitute such a man a non-resident, however, something more than a transient visit to some other state or country is required. He must have determined to make some place without the state his place of abode, at least temporarily. This is clearly the doctrine of the court in Frost agt. Brisbin, (19 *Wend.* 11; see also Haggart agt. Morgan, 1 *Sel-*

*den*, 422.) In the latter case the debtor had been absent three years and a half, and proof was offered to show that this absence was necessary to accomplish the business in which he was engaged. Although New-York was his domicil, it was held that he was a *non-resident*. So in Frost agt. Brisbin, above cited, the defendant had engaged in mercantile business at Milwaukie, with intent to make it his permanent residence if his business should prove successful. It was held that, though his *domicil* was yet in this state, he had become a non-resident. The mere fact that the defendant in this case has gone to Ohio, and is not expected to return this summer, except upon a visit, is scarcely sufficient to bring the case within the doctrine of the cases cited.

But, it being an action to foreclose a mortgage, it is immaterial whether the defendant is a non-resident or not. If, after due diligence, the plaintiffs have been unable to procure personal service of process, they are entitled to an order allowing them to make service by publication. And, if this were not so, the act of 1853 has not made provision for such a case Before the substituted service provided by that act can be resorted to, it must be shown that the defendant cannot be found, *either in or out of the state*, or that he avoids or evades personal service.

This motion must, therefore, be granted with costs.