## FOOT a. HARRIS.

*Supreme Court, First District; Special Term, March,* 1856.

SUBSTITUTED SERVICE.—ABSENT DEFENDANT.—FORM OF ORDERS.

The provisions of the act to facilitate the service of process, (1853,) apply only to cases where the defendant cannot be found either in or out of the State, or where being found, he avoids or evades service.

The plaintiff is not entitled to an order for substituted service, where the papers show where the absent defendant may be found.

The proper form of the order and mode of service.

Motion to vacate judgment for irregularity, or for leave to defend upon the merits.

DAVIES, J.—Judgment in this cause was docketed on the first day of January, 1856, against the defendant for $4,607 90. The defendant now moves to set it aside for irregularity upon two grounds.

First. The defendant being a resident of the city and county of New York, could not be proceeded against under the act of 1853, (*Laws of* 1853, 974), and that therefore the order of December 6, 1855, permitting a substituted service under that act, was void.

Second. Conceding said order to be valid and authorized by the act, it did not comply with its provisions, and the service was not made in conformity with them.

It is further alleged that if the judgment be in all respects regular, the defendant, having merits, is entitled to be let in upon terms to defend the action.

I. It clearly appears from the affidavits and sheriff's certificate used to obtain the order of December 6, 1855, that the defendant resided at Carmensville in the city and county of New York, and was then in Europe, and the time of his return was uncertain. That his family was then residing there.

The provisions of subdivision 2, of section 135 of the Code, are, "When the defendant being a resident of this State has departed therefrom, with intent to defraud his creditors, or to avoid the service of the summons, or keeps himself concealed

Foot *a.* Harris.

therein with the like intent," the plaintiff may apply for an order of publication, &c.

But it is not alleged, in these affidavits or certificate, that the defendant had departed with intent to defraud his creditors, or to avoid the service of the summons, or that he kept himself concealed therein with the like intent.

These provisions of the Code are therefore inapplicable to the case there presented. The case of Van Rensselaer *v.* Dunbar, (4 *How. Pr. R.*, 151), is full authority for this position. In that case the facts showed that the defendant was a resident of the State, that when the officer came to serve the summons his wife fastened the door and refused admittance. At other times the approach of the officer was heralded by the sounding of horns, and the defendant appeared, but kept too far off to enable him to serve the summons. The officer approached the defendant near enough to inform him of the object of his visit, but was not able to come up with the defendant, who rode off out of sight, and the officer could not serve the process. Hand, J., held that this provision of the Code did not authorize a publication under these circumstances. He says, not only must there be a failure to find the defendant within the State, after due diligence, but if he is a resident, he must depart the State, or keep himself concealed therein, with intent to defraud his creditors, or to avoid the service of the summons. The statute requires proof of concealment with intent to defraud creditors or to avoid the service of the summons.

The case presented by these affidavits and certificate, is in all respects similar that of Close *v.* Van Husen, (6 *How. Pr. R.*, 157). In that case, Willard, J., held it did not fall within the provisions of the Code, but was provided for by the act of April 12, 1842, (*Laws of* 1842, 363,) which is now incorporated in the Revised Statutes.

If this be so, then the plaintiff should have adopted the course there marked out, and which seems to be the only provision of law applicable to the facts presented unless the case falls within the provisions of the act of 1853.

The provisions of that act are, that if proper and diligent effort has been made to serve the process on the defendant, residing in this State, in any action, and that such defendant

cannot be found, avoids or evades such service, so that the service cannot be made personally, upon such facts being made to appear to a judge, he may make an order directing the service of the summons to be made " by leaving a copy thereof at the residence of the person to be served, with some person of proper age, if admittance can be obtained, and such proper person found who will receive the same, and if admittance cannot be obtained or any such proper person found who will receive the same, by affixing the same on the outer door," &c.

I am not able to distinguish the case now under consideration from that of Collins v. Cawffield, (9 *How. Pr. R.*, 519), where Harris, J., held, that the provisions of this statute only apply to the case when the defendant cannot be found either in or out of the State, or being found, avoids or evades personal service. Then the defendant was a resident of this State, and in April the plaintiff presented a petition for an order for substituted service, setting forth, that the defendant could not be found within this State, but that on going to his residence to make such service he was informed by the wife of the defendant, that he was then in Ohio, and that she did not expect him back that summer, except on a visit. Harris, J., says, " The officer employed to make the service was informed when he went, that the only obstacle in the way of the personal service was, that he was out of this State. Such a case is not within the terms or intent of the act of 1853, * * * Before the substituted service provided by that act can be resorted to, it must be shown that the defendant cannot be found, either in or out of the State, or that he avoids or evades personal service.

From the facts presented to the judge, at the time this order for substituted service was made, it is quite clear to my mind that they did not authorize it, and that therefore the service must be set aside.

II. I think also the order is defective in not directing the service to be made in accordance with the provisions of the act of 1853. By a comparison of it with the act, the variance will be seen.

The statute requires the substituted service to be made at the residence of the person to be served, with some person of proper age if admittance can be obtained; if not obtained, by

affixing the same to the outer or other door of said residence. The word "residence" as used here is clearly synonymous with that of dwelling house. Webster defines "residence" to be "a dwelling," "habitation." Now the order directs the summons to be served upon the defendant by leaving a true copy thereof with some person of suitable age and discretion at his place of residence.

The manner of service seemed to have been in compliance with the order, but not with the statute, and I must therefore hold it to be imperfect and as not authorizing the entry of the judgments.

I am therefore constrained to make an order setting aside the judgment, though from the facts disclosed in the affidavits read in opposition, I should have been gratified to retain it, if I had thought it could be legally done. The motion to vacate is granted with $10 costs of motion.