## SUPREME COURT.

### NATHAN KENDALL agt. SHERMAN WASHBURN.

The service, by publication, of a summons for the commencement of an action, is insufficient, unless the complaint be filed before publication, and the summons as published state the time and place of such filing. A judgment entered upon a service thus defective is a nullity.

Such a judgment is not aided by the 139th section of the Code, and the fact that an attachment was issued in the proceeding.

An order of the court subsequent to the judgment, in such a case, for the filing of the complaint *nunc pro tunc*, as of the day the summons was first published, will not avail to give vitality to the judgment. The power of amendment does not extend to such defects; besides, the defect in the publication of the summons would still remain, and that alone would be fatal to the judgment.

*Wayne Special Term, July,* 1857.

MOTION to set aside a judgment and subsequent proceedings. The facts are sufficiently stated in the opinion.

Kendall agt. Washburn.

J. L. SEELEY, *for defendant*.
D. J. SUNDERLIN, *for plaintiff*.

T. R. STRONG, Justice. It is indispensable to the validity of a judgment in an action, that the court by which it is rendered should have jurisdiction of the person of the defendant, as well as of the subject matter of the action. Jurisdiction of the person can be acquired only by the service of the summons for the commencement of the action in the mode provided by law, or the appearance of the defendant in the action.

The Code provides that the service of a summons shall be personal, except where the defendant cannot be found within the state, in which case the service may be made by publication. In the present case there was no personal service, and no appearance by the defendant: the plaintiff undertook to make service by publication. When it is sought in this mode to obtain jurisdiction of the defendant's person, the requirements of the Code, in respect to such a service, must be strictly complied with: if there be any material omissions, the object will not be accomplished; the service will be insufficient; and if judgment be entered thereon, it will be, as in other cases of want of jurisdiction of the person, utterly void.

Among the requisites to a valid service by publication, are that the complaint must be filed before publication, and that the summons as published must state the time and place of such filing. (*Code,* § 135, *sub. 5, last clause of the section.*) Both were omitted in this case; they were clearly material as a means of furnishing the defendant with information of the claim made against him; and it follows that the judgment entered against the defendant was a nullity. The omission was as fatal as would have been an omission to publish the summons in the papers, and for the period prescribed by the order for publication. One material requirement of the Code on the subject could no more be disregarded, either through design or inadvertence, than another.

The judgment is not aided by the 139th section of the Code, and the fact that an attachment was issued in the proceeding.

That section provides that " from the time of the service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings."

The jurisdiction here referred to, arising on the allowance of a provisional remedy, is for the purpose of that remedy only. It was not intended by the section to modify the provisions, that civil actions shall be commenced by the service of a summons, and that proof of the service thereof shall be made to warrant a judgment. Notwithstanding that section, the summons must be served in one of the modes prescribed by the Code, in order to, bring he defendant into court, and subject him to its jurisdiction so as to authorize it to render a valid judgment. (*Moore's ex'rs* agt. *Thayer*, 6 *How. Pr. R.* 47 ; *In the matter of Griswold*, 13 *Barb.* 412.)

The order of the court at special term in May last, subsequent to the judgment, for the filing of the complaint *nunc pro tunc*, as of the day the summons was first published, and the attachment was issued, was entirely unavailing to give vitality to the judgment. As well might the court direct that personal service of the summons after judgment should have like effect as if made at the proper time, as in this way to correct substantial defects in the mode of service by publication. The power of amendment, extensive as it is, is not adequate to create a judgment out of what in legal effect is nothing ; it can only correct defects in what has some legal force and operation.

But if the order would operate to cure the defect of omitting to file the complaint at the proper time, it does not purport to correct the defect of omitting to state in the summons as published the time and place of the filing, which of itself is fatal to the judgment.

For the foregoing reasons, the motion to set aside the judgment and subsequent proceedings must be granted, with $10 costs of the motion—leaving the plaintiff to proceed to serve his summons and pursue his attachment in like manner as if judgment had not been entered.