### OTTMAN *v.* DALY.

*(City Court of New York, Special Term.* January 21, 1889.)

1. WRITS—SUBSTITUTED SERVICE OF SUMMONS.

Under Code Civil Proc. N. Y. § 435, providing that an order for the service of a summons on a defendant residing within the state may be made on satisfactory proof that proper and diligent effort has been made to serve the summons on the defendant, and that the place of his sojourn cannot be ascertained, or that, if he is within the state, he avoids service, so that personal service cannot be made, such substituted service cannot be had on a defendant who is absent as a theatrical manager, and whose location at any time can be ascertained, and who is attending to his business without any attempt to avoid service.

2. SAME—TO AVOID LIMITATION.

It can make no difference that if such service is not allowed the statute of limitations will run against the action.

Motion by defendant to vacate order.

*George W. De Lano,* for plaintiff. *Olin, Rives & Montgomery,* for defendant.

McADAM, C. J. The plaintiff fails to show "that the place of his [the defendant's] sojourn cannot be ascertained," as required by Code, § 435.[1] This is a substantial, and not a mere formal, requirement, the importance of which is exemplified by the facts of this case. The defendant, a well-known theatrical manager, is on the road with his company, which has dates for the summer season in the principal cities of the Union. The defendant of necessity sojourns in these different cities while his company performs there. He is not seeking to avoid service of process, but is attending to his legitimate business. The act in reference to substituted service was never intended to include such a case. *Jones* v. *Derby*, 1 Abb. Pr. 458; *Collins* v. *Campfield*, 9 How. Pr. 519.

---

[1] Code Civil Proc. N. Y. § 435, provides that "where a summons is issued in any court of record, an order for the service thereof, upon a defendant residing within the state, may be made * * * upon satisfactory proof * * * that proper and diligent effort has been made to serve the summons upon the defendant, and that the place of his sojourn cannot be ascertained, or, if he is within the state, that he avoids service, so that personal service cannot be made."

The fact that the statute of limitations may run if the service is set aside cannot alter the construction of the act, which is too plain to admit of doubt. It is special in its nature, and intended only as a means of reaching runaway debtors, whose places of sojourn cannot be located, and those who remain at home, but avoid service of process. It was never intended to reach debtors temporarily absent on business at a known place, or those sojourning at a known summer watering resort, in good faith and without evil intent. It was intended that if the place of "sojourn" could be ascertained, and the defendant did not avoid service, that this extraordinary method of procedure should not be allowed. Creditors were to have this special method of reaching defendants, in cases where the customary remedies failed, and then only upon satisfactory proof that the debtor's place of sojourn was unknown. It follows that the motion to vacate the order for substituted service must therefore be granted, but without costs.