## WHITON v. MORNING JOURNAL ASS'N.

(Supreme Court, Special Term, New York County. March, 1898.)

1. PROCESS—SERVICE BY PUBLICATION—FILING OF PAPERS.

Code Civ. Proc. § 442, providing that the summons, complaint, order of publication, and affidavits in support of the order must be filed with the clerk on or before the first day of publication, must be complied with, to confer jurisdiction; a failure to comply therewith not being a mere irregularity, within Gen. Rules Prac. No. 37; and section 437, which refers to substituted service, having no application.

2. SAME—VACATION OF PROCEEDINGS.

Where the summons, complaint, order of publication, and affidavits in support of the order, are not filed on or before the first day of publication, as provided by Code Civ. Proc. § 442, the proceedings taken under the order are of no effect, and defendant may have them set aside; but the order itself, having been regularly obtained, will not be set aside because of such failure.

Action by Edward N. Whiton against the Morning Journal Association. On motion to set aside an order for publication of summons, etc. Granted in part.

Einstein & Townsend, for the motion.
P. V. Van Wyck, opposed.

FREEDMAN, J. The action is for libel. It therefore had to be commenced within two years. Code, § 384. Upon the publication of the libel set forth in the complaint, the statute would have fully run on December 23, 1897, if an attempt had not been made to commence the action, as provided by subdivision 6 of section 438 of the Code, by a delivery of the summons to the sheriff on December 22, 1897. That gave the plaintiff 60 days' additional time. The 60 days expired February 21, 1898, which consequently was the last day upon which to begin publication of the summons, so as to keep within the statute of limitations. The plaintiff on that day procured an order of publication, and the first publication took place on the evening of the same day, in the Evening Post. In the New York Law Journal the first publication was made two days later. Without stopping to consider whether that was sufficient, the objection still remains that the summons and complaint, and order of publication, and affidavits in support of the order, were not filed until February 28, 1898. This objection is fatal; for, under section 442, these papers should have been filed with the clerk on or before the day of first publication. That provision is mandatory, and had to be complied with, to confer jurisdiction. The failure to do so is not a mere irregularity, within the meaning of rule 37 of the general rules of practice. Section 437 of the Code does not help the plaintiff, because it refers to substituted service.

For the foregoing considerations, the motion of the defendant to set aside the order of February 21, 1898, directing service by publication, because the obtaining of the order was not followed up by the filing of the necessary papers on the same day, should not be granted in its entirety. The order was regularly obtained. But all proceedings taken by the plaintiff under it are of no effect, because the papers were not filed in time. The defendant may therefore have an order setting aside plaintiff's proceedings under the order of February 21, 1898.