## LEVERSON v. ZIMMERMAN.

(Supreme Court, Appellate Term.   May 17, 1900.)

1. MUNICIPAL COURT—REMOVAL TO CITY COURT—UNDERTAKING—SUFFICIENCY.
Where defendant applies for a removal from the municipal court to the city court of New York City, before an adjournment has been granted, and files an undertaking in the maximum sum provided by Code Civ. Proc. § 3216, authorizing' such removal, he is entitled to a removal, though the court has not fixed the amount of the bond.

2. RIGHT TO REVIEW—WAIVER.
Defendant does not waive his right to appeal from a denial of his application for a removal of the action from the municipal court to the city court of New York City by contesting plaintiff's claim on the trial.

Appeal from municipal court of New York.

Action by Isaac Leverson against Jacob A. Zimmerman.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Frank Herwig, for appellant.
Kantrowitz & Esberg, for respondent.

PER CURIAM.   On the 27th day of July, 1899, when the defendant tendered the undertaking mentioned in the affidavit attached to the return, no adjournment had been granted upon his application. In fact, there had been no adjournment upon any one's application. From that moment the jurisdiction of the justice was arrested. Tuttle v. Galligan, 23 Misc. Rep. 457, 51 N. Y. Supp. 359.   This case is to be distinguished from that of Ives v. Quinn, 7 Misc. Rep. 660, 28 N. Y. Supp. 267, in which case there was an adjournment after the return day, and before an undertaking was tendered.   The fact that the undertaking was executed before the court had made an order fixing its amount was no reason for denying the application for removal, particularly in view of the fact that the undertaking was for the largest amount mentioned in section 3216 of the Code of Civil Procedure.   Mongan v. Railroad Co., 14 Misc. Rep. 26, 35 N. Y. Supp. 135.

Plaintiff contends that by appearing at the trial and offering evidence the defendant waived his right to appeal.   We are of the opinion that this contention is untenable.   A party is not bound to abstain from taking such steps as will protect his interests.   It was against the interests of the defendant to have a judgment entered against him.   By contesting plaintiff's claim on the trial, he did not accept any benefit, under the ruling of the justice.   He was simply protecting his own interests.   It was held in Barker v. White, 58 N. Y. 204, that where an interlocutory judgment and decree directs a reference and accounting, and a party appears before the referee and presents claims, supports the same by proof, and contests the claim of the opposing party, he does not thereby waive his right to move for a new trial, or to appeal from an order denying one.   And in Scherer v. Hopkins (Com. Pl.) 16 N. Y. Supp. 863, a judgment was reversed in a case like the one at bar after a trial on the merits.

We are of the opinion that the judgment herein should be reversed,

and the cause sent back to the court below, to be proceeded with as if no trial or adjournment of the action had been taken after issue joined, with costs of this appeal to the appellant to abide the event of the action.