NATHAN SCHEURER et al., Appellants, *v.* MORRIS L. MONASH, Respondent.

APPEAL by the plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, rendered upon the verdict of a jury in favor of the defendant for $329.36, damages and costs.

The pleadings were written. The complaint is upon two causes of action: (1) $185 for a balance of money loaned and (2) $16.13 for goods sold and delivered. The amended answer admits the second cause of action and denies the first cause of action, but admits receiving $185 and sets up a counterclaim for $315, a balance claimed to be due under an agreement between the parties whereby the plaintiffs engaged defendant as a salesman from January 15, 1900, to December 31, 1900, for which services the defendant was to receive a commission of 5 per cent. upon all sales, and an additional sum of $300 if the sales amount to $20,000 or over. . The facts so far as material are stated in the opinion. The former appeal is reported in 35 Misc. Rep. 276.

Jay C. Guggenheimer, for appellants.

Max D. Steuer, for respondent.

GIEGERICH, J. The counterclaim was founded upon an entire contract for a year's service, and proceeded upon allegations of

performance. At the trial, the defendant moved to amend the answer by setting up a waiver of full performance, but, not being satisfied with the terms imposed for the amendment, he abandoned his motion and proved performance only to the extent of ten months, with a waiver by the plaintiffs of continued performance.

Under the well settled rule that an allegation of performance is not supported by proof of an excuse for nonperformance, the motion to dismiss the counterclaim for a variance between the pleadings and the proof should have been granted. Schnaier v. Nathan, 31 App. Div. 225; Gatling v. Central Spar Verein, 67 id. 50.

The plaintiffs' insistence that the trial be confined to the issues raised by the pleadings is disclosed by the objections taken to the admission of evidence of facts not within the counterclaim, as alleged, and for the error noted the judgment is well assailed.

The judgment should be reversed and a new trial ordered with costs to appellants to abide the event.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment reversed and new trial ordered with costs to appellants to abide event.