(40 Misc. Rep. 668.)

### SCHEUER et al. v. MONASH.

(Supreme Court, Appellate Term. March, 1903.)

1. CONTRACT OF EMPLOYMENT—BREACH—WAIVER—RECOVERY UNDER CONTRACT.
   Where defendant, by parol contract, engaged to work as salesman for plaintiffs for a year, and was to receive a bonus if his sales amounted to over $20,000, and the contract was terminated by mutual consent at the end of the tenth month, at which time defendant's sales had already amounted to over $20,000, there was no breach of the contract by defendant, as plaintiffs had waived their right to further services, and defendant was entitled to recover the bonus as provided in the contract.

2. PLEADINGS—CONSTRUCTION—MUNICIPAL COURT.
   Pleadings must be liberally construed, especially in the Municipal Court, where they are frequently oral.

3. SAME—AMENDMENT—COSTS—DISCRETION OF COURT.
   An allowance of $40 costs on leave to amend pleadings at the third trial of a cause, so as to permit defendant to set up a waiver of breach of a contract of employment and termination thereof by mutual consent. was within the discretion of the trial judge.

4. APPEAL—GROUNDS OF REVERSAL—ALLOWANCE OF COSTS—EXCEPTION.
   An exception to the ruling of the trial judge on allowance of costs on leave to amend a pleading does not call for a reversal on appeal of the final judgment rendered in the cause.

5. STATUTE OF FRAUDS—CONTRACTS NOT TO BE PERFORMED IN A YEAR.
   Where an oral contract of employment for a year, commencing at a future date, was terminated by mutual consent before the expiration of the year, and the employé performed all the conditions of the contract up to the time of such termination, the employer could not, when sued for a bonus earned by the employé, under the contract, defeat his recovery by a reliance on the statute of frauds.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Nathan Scheuer and others against Maurice L. Monash. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Jay C. Guggenheimer, for appellants.
Max D. Steuer, for respondent.

GILDERSLEEVE, J. The plaintiffs sued for $201.13, being made up of $185 money loaned and $16.13 goods sold and delivered. The defendant admitted receipt of $185 in money and $16.13 in goods, but

alleged that this sum of $185 was money paid on account of $500 which plaintiffs owed defendant for a bonus, under a certain contract of employment, and defendant counterclaimed for $298.87, the difference between the $500 bonus and the $201.13 so paid by plaintiffs. The defendant claims that on or about October 15, 1899, the parties entered into a parol contract, by which defendant was to work for plaintiffs from January 1, 1900, to December 31, 1900, for a certain weekly salary, a stated commission, and a bonus of $500 in case defendant's sales during said year amounted to over $20,000. There is a considerable conflict of evidence, and the justice submitted to the jury the disputed questions of fact. The jury found for the defendant for the whole amount claimed. Plaintiffs appeal.

The case has been tried three times, and has twice been passed on by this court. The law of the case is, therefore, well settled. On the first appeal (see Scheuer v. Monash, 35 Misc. Rep. 276, 71 N. Y. Supp. 818) the following principles were laid down, viz.:

"The invalidity of a contract for services by its terms not to be performed within a year is not available to the master to defeat a recovery by the servant of his agreed compensation where he has been permitted to perform and has performed the conditions imposed upon him. In such case the void contract may afford a measure of the value of the services. Where, however, the servant performs services for only ten months of the stipulated term of one year, and then abandons without the master's consent, he cannot recover under the contract, nor does his stipulated yearly salary afford a measure of the value of his services for ten months."

In that case the judgment had been for defendant, and this court reversed the same, and ordered a new trial. On the second trial the defendant also got judgment, which this court reversed on the ground that, as defendant had not amended the answer, by setting up a waiver on the part of plaintiffs of their right to defendant's services for the whole year, he could not prove such waiver on the trial. See 37 Misc. Rep. 803, 76 N. Y. Supp. 917.

On the third trial the defendant was allowed, on terms, to amend the answer by setting up the waiver and the termination of the contract by mutual consent. Under the contract plaintiffs were entitled to defendant's services for the whole year. At the end of the tenth month, according to the testimony of the defendant, the contract was terminated by mutual consent, and the plaintiffs waived their right to defendant's services for the remaining two months of the year. The rule is that, when the parties mutually terminate a contract of employment before the expiration of its term, the said contract becomes fully executed, notwithstanding it has, by its original terms, a longer period to run. Jeffery v. Walker, 72 Hun, 631, 25 N. Y. Supp. 161. The testimony of the defendant, which was accepted as true by the jury, shows that at the end of the said tenth month, when the contract was so terminated by mutual consent, defendant's sales already amounted to over $20,000, and that, therefore, his bonus was already earned.

The appellants attack the judgment on the grounds (1) that there was a breach of contract, because defendant left the employment of the plaintiffs before the expiration of the year; (2) that the amendment of the answer was not sufficiently broad to permit proof of waiver and of a termination of the contract by mutual consent; (3)

that the imposition of $40 costs as a condition of the amendment was insufficient; (4) that the contract was void under the statute of frauds; and (5) that the verdict was against the evidence.

None of these grounds would warrant a reversal of the judgment. There was, as we have seen, a termination of the contract, by mutual consent, at the end of the tenth month, when defendant had already earned his bonus. There was no breach of contract by defendant, for the reason that plaintiffs waived their right to further services from defendant. The amended answer sufficiently sets up this termination and waiver. Pleadings must be liberally construed, especially in actions in the Municipal Court, where they are frequently oral. The costs imposed were well within the discretion of the trial justice, and were accepted by plaintiffs, who proceeded with the trial. It is true that plaintiffs excepted to the ruling of the justice, but this exception does not call for a reversal. The statute of frauds does not apply. The contract was terminated by mutual consent before the expiration of the year. The defendant was permitted to perform, and did perform, all the conditions required of him by the contract, except that of continuing to work for plaintiffs during the last two months of the contract term, from the performance of which condition he was excused, as we have seen, by the waiver of the plaintiffs. See Scheuer v. Monash, supra; Jeffery v. Walker, supra. There is sufficient evidence to sustain the verdict. The judgment is affirmed, with costs.

Judgment affirmed, with costs. All concur.