(40 Misc. Rep. 676.)

WILSON v. LANGE.

(Supreme Court, Appellate Term. May, 1903.)

1. PROCESS—PUBLICATION—AFFIDAVIT.
    Under Code Civ. Proc. § 3170, relating to the City Court, and providing
    that an order directing service of the summons by publication may be
    granted only where a warrant of attachment has been issued, and that
    the plaintiff, when he applies for such an order, must show by affidavit
    that the case is within this section, the affidavit must show the issuing
    of the warrant of attachment.

2. SAME—TIME FOR AFFIDAVIT.
    The issuing of the attachment cannot be shown by an affidavit read
    in opposition to a motion to set aside the order for publication, as issued
    without the fact of attachment being shown in the application for the
    order.

3. SAME—STATUTE—CONSTRUCTION.
    Proceedings to obtain service by publication being purely statutory,
    the statute must be strictly followed.

4. SAME—ORDER OF PUBLICATION—NOTICE TO VACATE.
    Notice of a motion to set aside an order of publication need not spec-
    ify as a reason for setting aside said order that the affidavit on which
    it was granted did not show that an attachment had issued, as the omis-
    sion was not a mere irregularity, but was a jurisdictional defect.

Appeal from City Court of New York, Special Term.

Action by Lucius A. Wilson against Louis B. Lange. From an order refusing a motion to vacate an order for service by publication, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Evarts, Tracy & Sherman (George E. Cogswell, of counsel), for appellant.

Howland, Murray & Prentice (Herbert S. Barnes, of counsel), for respondent.

FREEDMAN, P. J.   The plaintiff's attorney, upon the summons and complaint herein, and the affidavit of the plaintiff, obtained an order from a judge of the City Court directing service of the summons in this action be made by publication, etc., or by personal service of the same and a copy of the complaint and of the order without the city of New York.   A motion made at Special Term to vacate said order was denied, and from that denial this appeal is taken.

Section 3170 of the Code of Civil Procedure contains the provisions relative to granting an order of publication in the City Court, and, so far as it is material to the question on this appeal, it reads as follows:

"An order directing service of the summons without the city of New York or by publication may be granted by the court or a judge thereof but only in case where a warrant of attachment has been issued, * * * the plaintiff when he applies for such an order must show by affidavit to the satisfaction of the court or justice that the case is within this section."

¶ 3. See Process, vol. 40, Cent. Dig. § 129.

One of the essential requirements to enable the plaintiff to obtain such an order as was made herein is the proof by affidavit that a warrant of attachment has been granted. It is not enough that one has been obtained. Such fact must be shown by affidavit to the satisfaction of the court or justice, when the court or judge may grant the order. In this case there was no statement or allegation to that effect in any of the papers filed upon which the order of publication was issued. This defect is a fatal one.

The proceeding to obtain service in the manner sought by the plaintiff herein is purely a statutory one, and the statute must be strictly followed. Young v. Fowler, 73 Hun, 179, 25 N. Y. Supp. 875; Whiton v. Morning Journal Ass'n, 23 Misc. Rep. 299, 50 N. Y. Supp. 899; Kendall v. Washburn, 14 How. Prac. 380.

The fact that an attachment had been issued is shown by the affidavit of the plaintiff, read in opposition to the motion, and the respondent claims that the court below did, and this court should, consider the evidence supplied by such affidavit. The error of that position is that the necessary jurisdictional facts must be before the court at the time the order was granted, and cannot afterwards be supplied. In the case cited by the respondent (Howe Machine Co. v. Pettibone, 12 Hun, 657) the motion was to vacate and set aside the order of publication and the judgment, and the order to show cause was granted upon the judgment roll; and, the judgment roll containing the requisite allegations, the court held that in determining such jurisdictional facts it was not limited to the affidavit upon which the order for publication was made. That case has no application to this.

It is also urged by the respondent that the notice of motion herein is defective, in not specifying the irregularity complained of. This would be so, were the alleged defects mere irregularities, but they are jurisdictional imperfections, and in such cases the notice of motion need not necessarily state them. Emerson v. Auburn & O. L. R. Co., 13 Hun, 150, 152; Whiton v. Morning Journal Ass'n, supra. Order reversed and order of publication vacated, with costs.

Order reversed and order of publication vacated, with costs. All concur.