(42 Misc. Rep. 266.)

## MAIELLO v. MAIELLO.

(Supreme Court, Special Term, Fulton County.   December, 1903.)

1. DIVORCE—SUBSTITUTED SERVICE.
   An application for service of summons in divorce by delivering a copy thereof at the residence of the defendant, or affixing the same to the outer door of defendant's residence and mailing, under Code Civ. Proc. §§ 435, 436, will not be granted unless service by publication, as provided by Code Civ. Proc. § 438, cannot be made.

2. SAME—RETURN OF SHERIFF.
   Where the return of a sheriff to a summons in divorce shows no effort to discover defendant's present place of sojourn, and fails to state anything which indicates that she is within the state and avoids service of summons, application for service, under Code Civ. Proc. §§ 435, 436, by delivery of a copy at residence of defendant, or affixing the same to the outer door of the residence, will not be granted.

3. SAME.
   Where in an action for divorce it appears that plaintiff and defendant lived together alone in a house, and that defendant ran away, service of summons by posting the notice on the door of such residence is unavailing.

Action by Sisto Maiello against Margherita Magro Maiello for divorce.   Application for an order directing service of summons by delivery of a copy at the residence of the defendant, and mailing, under Code Civ. Proc. §§ 435, 436.   Application denied.

Florence J. Sullivan, for motion.

SPENCER, J.   This is the second application in this action for an order directing service of the summons upon the defendant in the manner permitted by sections 435 and 436 of the Code of Civil Procedure.   The first application was made upon the return of the sheriff, couched literally in the language of the form found on page 635 of Crocker on Sheriffs, and was denied on the ground that no fact was therein stated, the entire return consisting of conclusions, the court holding that the proofs required by section 435 to justify the granting of an order must be by statement of facts and circumstances in the knowledge of the sheriff or affiant, from which the court or judge could determine whether proper and diligent effort had been made to make personal service of the summons.   On this application a further return from the sheriff is produced, together with an affidavit by plaintiff's attorney.   The sheriff's return is dated December 26th, wherein he certifies that on the 16th day of December he received the summons for service; that he did not know the defendant; that he consulted with one who had known her for some years, and learned from him and the plaintiff that she had resided with the plaintiff at No. 11 Gilland avenue, in the city of Amsterdam, N. Y., until a very recent date.   He further certifies that he inquired of three of the defendant's neighbors—one whose name he does not know, and the others he does not give—and learned from them that defendant was not at home; that they did not know when she would be home, and that she had run away with another man; and that the plaintiff's residence was also at No. 11 Gilland avenue, Amsterdam, N. Y.   The

plaintiff's attorney makes affidavit that the plaintiff and defendant are husband and wife, and that the action is for divorce.

I have grave doubts whether the provisions for substituted service, under sections 435 and 436 of the Code of Civil Procedure, were intended to apply to an action for divorce; but, whether so intended or not, I .am constrained to the view that their use for that purpose should be employed with the utmost caution. The provisions of section 438 et seq., for substituted service by publication, apply to such an action by the express provisions of those sections, and, unless it appears from the moving papers that service in the manner there provided for cannot be made, the application for an order directing service under sections 435 and 436 should be denied. In order to justify an order under section 435, supra, it must appear by proof that the defendant is a person residing within the state, and that his place of sojourn cannot be ascertained, or, if he is within the state, that he avoids service, so that personal service cannot be made. Only two contingencies are here provided for. Neither of these is covered by the papers presented upon this application. The sheriff seems to have made no effort to discover the defendant's present place of sojourn, and does not state anything which indicates that she is within the state and avoids service.

But even if such contingencies were met by facts set forth in the return, it further appears that the defendant's residence and that of the plaintiff is one and the same, and there is nothing to indicate that any other person, save the plaintiff and defendant, resides there. I think, therefore, that a court or judge should refuse to make an order directing the service of the summons by leaving a copy thereof at such residence, if admittance can be obtained, and, if admittance cannot be obtained, to affix the same to the door, and mailing a copy to defendant at such residence (this being the only method of service authorized by section 435), because the practical effect of such a service would give notice to no one save to the plaintiff himself, the defendant being absent from home. The provisions of the Code for substituted service by publication contain ample provisions for a case such as this, and I think the plaintiff should be required to resort thereto. The application, therefore, is denied.

Application denied.