### DALTON v. MILLS.

(Supreme Court, Appellate Term. April 13, 1904.)

1. MUNICIPAL COURT OF NEW YORK—SUBSTITUTED SERVICE—SUFFICIENCY.

Municipal Court Act, Laws 1902, p. 1501, c. 580, § 34, providing that. when substituted service is made, the order and the papers on which it was granted must be filed and the service made not less than six days before the return day of the summons, or that otherwise the order becomes inoperative, is mandatory.

2. SAME—INSUFFICIENT SERVICE—TRIAL—WAIVER OF DEFECT.

Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, declares that when it is objected at the trial and it appears by the evidence that the court has no jurisdiction, but if the objection be taken and overruled, it is cause only for reversal on appeal; and if not taken at the trial it is waived, and the court will be deemed to have jurisdiction. *Held*, that where defendant, on the return day and before trial, moved to set aside the service of summons on the ground that the order for substituted service and the papers on which it was granted were not filed six days before the return day of the summons, as required by section 34 (page 1501), he did not waive his rights by proceeding to trial after his motion had been denied.

3. SAME—JURISDICTION—BURDEN OF PROOF.

Where, in an action in the Municipal Court, the order and papers on which an order authorizing substituted service were founded did not show that they were filed six days before the return day of the summons, as required by Municipal Court Act, Laws 1902, p. 1501, c. 580, § 34, and the jurisdiction of the justice was questioned, the burden was on plaintiff to show jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Margaret Dalton against Marion Mills. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Washington Brauns, for appellant.
Edward A. Scott, for respondent.

McCALL, J. This action was begun by the service of a summons pursuant to an order obtained upon application of the plaintiff, authorizing substituted service thereof. On the return day of the summons the defendant's attorney appeared, and before proceeding to the trial of the cause moved to set aside the service of the summons upon the ground that the order for said substituted service and the papers upon which it was granted were not filed six days before the return day of the summons, as required by section 34 of the Municipal Court Act (Laws 1902, p. 1501, c. 580). This motion was denied, and the case proceeded to trial, resulting in a judgment for the plaintiff, from which judgment the defendant appeals.

The order and the papers upon which it was granted bear no marks or indorsements showing when they were filed, if filed at all, except that the summons has stamped thereon the words "Aug. 6, 1903," two days before the return day. Section 34 of the Municipal Court act provides that when substituted service is made "the order and the papers upon which it was granted must be filed and the service must be made not less than six days before the return day of the summons, otherwise the order becomes inoperative." This section is taken from section 437 of the Code of Civil Procedure. Section 34 is new, and our attention has not been called to any decisions determining the effect of failure to file the papers; but the language of the section is mandatory, and by its terms the order for the substituted service "becomes inoperative" unless both the order and the papers upon which the same was granted are filed and service made six days before the return day of the summons. The reason is obvious. It is that the defendant may have a reasonable time in which to examine the original affidavits and order before the return day, in order to take action thereon if desired. Section 442 of the Code of Civil Procedure reads as follows:

"When service is made by publication, the summons, complaint and order, and the papers upon which the order was made, must be filed with the clerk on or before the day of the first publication."

This section has been frequently construed, and the language held to be mandatory, and that failure to file the papers required by that section renders the service of the summons by publication void. Whiton v. Morning Journal Ass'n, 23 Misc. Rep. 299, 50 N. Y. Supp. 899; Kendall v. Washburn, 14 How. Prac. 380. Sections 32 to 35 of the Municipal Court act provide for substituted service in certain cases, and are analogous to sections 435 to 445 of the Code of Civil Procedure, and compliance therewith is jurisdictional. It devolved upon the plaintiff herein to show that he had complied with all the requirements of the statute, in order to confer jurisdiction upon the court over the person of the defendant or the subject-matter of the action. This he failed to do.

The order denying the defendant's motion to dismiss the action not being appealable (Leavitt v. Katzoff [Sup.] 86 N. Y. Supp. 495), it was necessary for the defendant to allow the action to proceed to a judg-

ment before the question could be raised by an appeal from such judgment. This is expressly provided for by section 248 of the Municipal Court Act (Laws 1902, p. 1561, c. 580), which reads as follows:

"When it is objected at the trial, and appears by the evidence that the court has no jurisdiction, but if the objection be taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is waived, and the court will be deemed to have jurisdiction."

The defendant made his motion at the first opportunity available, and renewed it at the close of plaintiff's case, and again at the close of the whole case, and he did not waive his rights by proceeding to trial after his motion had been denied. Leverson v. Zimmerman, 31 Misc. Rep. 642, 64 N. Y. Supp. 723.

Defendant introduced testimony tending to show that the order and papers were not filed until August 6th, two days before the return day of the summons. The jurisdiction of the justice in this respect having been questioned, and the order and papers upon which the order was granted containing no affirmative evidence of having been filed six days before the return day of the summons, the burden was upon the plaintiff of showing jurisdiction in the court.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.