(56 Misc. Rep. 321.)

### NICHOLS et al. v. EMMETT.

(Supreme Court, Special Term, New York County. November, 1907.)

1. PROCESS—SUBSTITUTED SERVICE—AFFIDAVIT.
    Defendant moved to vacate an order authorizing substituted service of summons and service made thereunder. It did not appear from the papers on which the order was founded, as required by Code Civ. Proc. § 435, that defendant was within the state when the order was granted, or had avoided service, or that proper effort had been made to serve her personally. *Held*, that the motion would be granted.

2. SAME.
    A motion for substituted service must be based on proof that at the time it was granted defendant was within the state and avoiding personal service, and an affidavit of plaintiff's attorney that plaintiff was in the state, founded on knowledge and belief, was insufficient, where the sources of such knowledge and belief were not stated.

3. SAME—AVOIDANCE OF SERVICE.
    Evidence *held* insufficient to show defendant had avoided service, so as to authorize order for substituted service.

Action by James W. Nichols and Sarah A. Nichols against Emily Emmett. Motion to set aside order authorizing substituted service of summons. Motion granted.

Paul M. Crandell, for plaintiffs.
Origen S. Seymour, for defendant.

FITZGERALD, J. This is a motion to vacate and set aside an order authorizing substituted service of summons and the service made thereunder, on the grounds, specified in the notice of motion, that it does not appear from the moving papers that the defendant was within the state when the order was granted, or that she had avoided service

so that personal service could not be made, or that proper and diligent effort had been made to serve her personally.

Substituted service, as it is called, is authorized, and the proof to obtain an order therefor is prescribed, by section 435 of the Code of Civil Procedure. In Smith v. Fogarty, 6 Civ. Proc. R. 366, 370, 371, it was held that such service is by section 437 of the said Code assimilated to service by publication, and application to the court and the same kinds of proofs are necessary in cases of the former as in cases of the latter method of service. The proceeding to obtain service by publication is purely a statutory one, and the statute must be strictly followed. Wilson v. Lange, 40 Misc. Rep. 676, 83 N. Y. Supp. 180; Young v. Fowler, 73 Hun, 179, 25 N. Y. Supp. 875; Whiton v. Morning Journal Assn., 23 Misc. Rep. 299, 50 N. Y. Supp. 899; Kendall v. Washburn, 14 How. Prac. 380. To authorize substituted service upon a defendant resident of this state section 435 requires the presentation to the court in the form of an affidavit of a person not a party to the action or of the return of the sheriff of the county of defendant's residence of satisfactory proof that proper and diligent effort has been made to serve the summons upon the defendant, and that the place of his sojourn cannot be ascertained, or, if he is within the state, that he avoids service, so that personal service cannot be made. As was said in Maiello v. Maiello, 42 Misc. Rep. 266, 268, 86 N. Y. Supp. 543, the said section provides for two contingencies only; or, as appears more fully from the opinion in Ottman v. Daly (City Ct. N. Y.) 7 N. Y. Supp. 897, the section is special in its nature, intended only as a means of reaching runaway defendants whose place of sojourn cannot be ascertained after proper and diligent effort, and those who remain at home in the state, but avoid service of process, and should not be successfully invoked against a defendant whose place of sojourn could be ascertained or who did not avoid service.

In this case no claim whatever is made that the place of the defendant's sojourn could not be ascertained, and the right to the order must therefore be based upon satisfactory proof of the fact that the defendant was when the order was granted within the state, and that she was then avoiding service so that personal service could not be made. In the affidavit made by the plaintiff's attorney, upon which the order was granted, there is no proof, no statement of fact, showing that the defendant was then within the state. One of the plaintiffs and his attorney saw her within the state; but that was more than four months before the order was obtained. There is no proof that either of those persons, or any one else, saw her within the state subsequent to that occasion, although such proof might have been obtained from the unnamed "people in the neighborhood" referred to in the attorney's affidavit, who told him "that she rarely leaves the house" or "that she seldom comes out." The plaintiff's attorney himself states that the defendant is a woman of wealth. She could well afford a vacation, and it is not improbable that the summer months which comprised the period between the date when she was seen at the window of her residence and the date of the order were spent out of the city, and perhaps state. It is true that the attorney says in his affidavit that the defendant was within the state to the best of his knowledge and belief; but,

as he does not state the sources of his knowledge and belief, that allegation is insufficient. Wolter v. Liebmann, 52 Misc. Rep. 517, 102 N. Y. Supp. 487; Maiello v. Maiello, supra; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; Martin v. Aluminum Comp. Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010.

Furthermore, it does not satisfactorily appear that the defendant has avoided service. No intimation of a purpose or desire to serve a summons upon the defendant was given by the plaintiff's attorney to any person until but three days before application was made for the order. It was not then given to the defendant herself, but to her cousin, who opened the door of the residence for the plaintiff's attorney. There is no proof that such intimation was thereupon conveyed to the defendant, or that her cousin's statement that she could not be seen or refusal to tell the attorney anything were authorized by the defendant. Even assuming that the purpose and desire of the plaintiff's attorney to serve a summons upon the defendant were then for the first time communicated to the latter, there is no proof of any subsequent avoidance of such service.

Motion granted. No costs.