(25 App. Div. 348.)

### JERRELLS v. PERKINS.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. EXAMINATION BEFORE TRIAL—NOTICE OF APPLICATION.

Notice need not be given defendant of the application to the court for an order for his examination before trial at the instance of an adverse party, under Code Civ. Proc. § 870 et seq., which provide for such an examination of a party to an action.

2. SAME.

Code Civ. Proc. § 870, provides that the deposition of a party to an action may be taken at the instance of an adverse party at any time before trial. Section 872, subds. 4, 7, provide that the party applying for an order for such examination shall present an affidavit showing that such testimony is material and necessary for the party applying, and any other fact showing that the case comes within the statute. In an action to foreclose a mortgage made by defendant, plaintiff's brother, to their father, and payable to plaintiff, which defendant claimed had been satisfied, plaintiff, applying for an order for the examination of defendant, presented affidavits showing that such examination was necessary to enable her to prepare an amended complaint, so as to state her cause of action as fully as the facts would warrant; she not knowing the terms and details of the transaction between her father and brother. *Held*, that plaintiff was entitled to an order for defendant's examination, but that the latter could not be required to produce papers, necessary to his examination, respecting any agreements between himself and his father.

Appeal from special term, Monroe county.

Action by Sarah E. Jerrells against Asa F. Perkins. From an order of the special term vacating an order of the county judge requiring the examination of defendant before trial, plaintiff appeals. Reversed and modified.

The order made by the county judge required the defendant, Asa F. Perkins, to appear before a referee upon a day named, "for the purpose of being examined pursuant to the provisions of article 1, tit. 3, c. 9, Code Civ. Proc., in relation to the examination of witnesses before trial." The order also required the defendant, Perkins, to "produce and bring with him at that time such papers as shall be necessary to his examination as to any and all agreements made between him and his father and mother touching his father's property or a division thereof, and more particularly a certain bond and mortgage and agreement drawn on or about the 6th day of May, 1879." Reversed, and order of county judge modified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Nelson E. Spencer, for appellant.
Nathaniel Foote, for respondent.

PER CURIAM. Section 870 of the Code of Civil Procedure provides that a deposition of a party to an action may be taken at his own instance "or at the instance of an adverse party at any time before the trial as prescribed in this article." Section 872 of the Code of Civil Procedure provides what shall be shown in the application for such an order, and among other things, in subdivision 4 of that section, it is made incumbent upon a party making the application to give the name and residence of the person to be examined, and to show "that the testimony of such person is material and necessary for the party making such application." It is further prescribed, in subdivision 7 of section 872, that an affidavit may show "any other fact necessary to show that the case comes within one of the two last sections." Plaintiff and her assignors are children of Asa Perkins, and the respondent, Asa F. Perkins, their brother, is a son of Asa Perkins; and the complaint alleges that he, on the 18th of August, 1883, executed his bond and mortgage to the father for the purpose of allowing to the plaintiff and her assignors the sum of $3,350, payable two years after the death of said Asa Perkins and his wife, Martha Perkins, which bond and mortgage were executed and delivered to Asa Perkins, and the usual allegations in a complaint for a foreclosure of a mortgage are inserted. The respondent, Asa F. Perkins, interposed an answer containing certain denials, and alleging payment, and that the said mortgage was satisfied and discharged by Asa Perkins, the father, on the 11th of June, 1886. The examination of the respondent was sought by the plaintiff for the purpose of ascertaining facts and circumstances upon which an amended complaint might be prepared, and it was stated in the affidavits used by the appellant "that an amended complaint is necessary in order that plaintiff's cause of action may be stated on as broad ground as the facts will warrant." The affidavits seem to indicate the fact that the respondent is unwilling to disclose the information sought by the plaintiff, with a view of amending the complaint. The application for the examination of the respondent, Asa F. Perkins, seems to have been made in good faith, and for the purpose of enabling the plaintiff to amend her complaint so as to present more fully the claims of herself and her assignors against the respondent. It was not necessary that a notice should be given to the defendant before obtaining the order for his examination. Dixon v. Dixon, 8 N. Y. St. Rep. 816; Code Civ. Proc. §§ 870–872; Heishon v. Insurance Co., 77 N. Y. 278. The plaintiff alleges, in an affidavit which was used, that she knows that "an agreement was entered into by Asa F. Perkins with Asa Perkins, whereby he agreed to pay to his brothers and sisters, as alleged in the complaint in this action, the sum of $3,350, and that the source of her information is statements made to her by her father and by the defendant, Asa F. Perkins, to that effect, but that deponent does not know the form and details or terms of that agreement." It seems that facts and circumstances sufficient were shown to authorize the county judge to make an order for the examination of the defendant before trial. However, we think that portion of the order which required the defendant to "produce and bring with him papers as shall be necessary to his examination as to any and all agreements made between him and his father and mother, touching his father's property or a division thereof,"

was improperly inserted in the order, as no case was made by the affidavits for an inspection of papers. Wahed El Tazi v. Stein, 20 Civ. Proc. R. 125, 13 N. Y. Supp. 96; Hauseman v. Sterling, 61 Barb. 347. We think the order of the special term, setting aside the order made by the county judge, should be reversed, and the order made by the county judge should be modified by striking therefrom the provision requiring the production of papers, and the motion to set aside and vacate that portion of the order remaining after such modification should be denied, and the appellant, upon giving five days' notice to the respondent for the examination before the referee, should be allowed to execute the order as thus modified.

Order appealed from reversed, with $10 costs and disbursements, and the order of the county judge modified, as stated in the opinion.