(46 Misc. Rep. 92)

### SKINNER v. JORDAN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. CITY OF NEW YORK—MUNICIPAL COURT—SUBSTITUTED PROCESS—JURISDICTIONAL PREREQUISITES.

   An indorsement on an alias summons, "Cal. fee paid 4-12-04," without signature or any evidence of filing, is insufficient to prove the jurisdictional fact of service of substituted process under Municipal Court Act (Laws 1902, p. 1501, c. 580) § 34, requiring the order for substituted service and the papers upon which it is granted to be filed, and the service to be made, not less than six days before the return day of the summons.

2. SAME—JURISDICTIONAL QUESTIONS—TIME OF RAISING.

   The question of jurisdiction arising from a defect in the proof of service of process may be raised at any time.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Daniel A. Skinner against Joseph V. Jordan. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Jellenik & Stern, for appellant.
Frank E. Loughran, for respondent.

FREEDMAN, P. J. At the close of the plaintiff's case the defendant offered no proof, but moved for a dismissal upon the ground "that there is no proof of service of the substituted service, and a failure to comply with section 34 of the Municipal Court Act (Laws 1902, p. 1501, c. 580). This action was commenced by substituted service of the papers. So far as it appears before the court, there is no proof before this court as to when the affidavit and order were filed." This motion was denied, and judgment rendered for the plaintiff.

The only indorsement on the summons or on any of the papers are the words and figures, "Cal. fee paid 4-12-04." Section 34 requires

that "the order and the papers upon which it is granted must be filed and the service must be made not less than six days before the return day of the summons, otherwise the order becomes inoperative." In the case of Dalton v. Mills, a somewhat similar case (Feb. 1904; Appellate Term) 91 N. Y. Supp. 733, this court held that "it devolved upon the plaintiff herein to show that he had complied with all the requirements of the statute, in order to confer jurisdiction upon the court over the person or the subject-matter of the action." Here the plaintiff's attention was called to the defect in his proof. He made no attempt to supply it. It is too late now to say it could easily have been done. The fact is it was not done, and the words before referred to, indorsed upon one of the alias summons issued herein, without signature or any evidence of filing, is insufficient to prove the requisite jurisdictional fact necessary to be shown as a compliance with said section of the municipal court act.

The question of jurisdiction can be raised at any time. O'Reilly v. N. B. A. & N. Y. S. S. Co., 28 Misc. 112, 59 N. Y. Supp. 261. Davidsburgh v. Knickerbocker L. I. Co., 90 N. Y. 526.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.

