### SILLS et al. v. GAFFNEY.

(Supreme Court, Appellate Term. May 2, 1905.)

PROCESS—SUBSTITUTED SERVICE—STATUTES.

Laws 1902, p. 1501, c. 580, § 34, provide that an order for substituted service and the moving papers must be filed and service had not less than six days before the return day of the summons, otherwise the order to become inoperative. *Held*, that the failure to comply strictly with the statute in respect to the time for filing the order and papers is fatal to the maintenance of the action and the jurisdiction of the court.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John S. Sills and others against Daniel Gaffney. From a judgment in favor of plaintiff and from an order denying a motion to set aside an order directing substituted service of the summons and from an order denying defendant's motion to vacate and set aside the judgment, defendant appeals. Appeal dismissed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

Dittenhoefer, Gerber & James (David Gerber and John B. Knox, of counsel), for appellant.

Edwin Louis Garvin (William A. Young, of counsel), for respondents.

GREENBAUM, J. The fact seems to be undisputed that the order for substituted service of the summons upon the defendant and the papers upon which it was granted were not filed until the 9th day of January, 1905, the day before the return day (10th) of the summons. The language of section 34 of the municipal court act (Laws 1902, p. 1501, c. 580) is that "the order and the papers upon which it [referring to an order for substituted service] was granted must be filed and the service must be made not less than six days before the return day of the summons; otherwise, the order becomes inoperative." The clear and unmistakable meaning of this provision is that a failure to strictly comply with its terms respecting filing of the order and papers therein mentioned is fatal to the maintenance of the action and to the jurisdiction of the court. Behm v. Damm (Sup.) 91 N. Y. Supp. 735.

It is unnecessary to consider at length the other grounds for reversal urged by the appellant. It will be sufficient to meet the point of the respondents as to the nonapplicability of the judgment and orders herein by stating that it is doubtless correct that an appeal merely from an order denying defendant's motion to vacate

and set aside the order directing substituted service will not lie;· but the appeals in this case are also from the judgment and the order denying defendant's motion to vacate and set aside the judgment. The judgment was not one entered by default. The defendant was not obliged to interpose a verified, or, for that matter, an unverified, answer, since the court had no jurisdiction in the action, and a judgment entered under such circumstances was a nullity, and is not to be treated as by default. The appeal from the judgment enables the court to review all the proceedings upon which the judgment is based.

The appeals from the order will be dismissed, and the judgment will be reversed, with costs. All concur.