(52 Misc. Rep. 517)

### WOLTER et al. v. LIEBMANN.

(Supreme Court, Appellate Term. February 11, 1907.)

1. COURTS—MUNICIPAL COURTS—PROCESS—SUBSTITUTED SERVICE—AFFIDAVIT.

An order for substituted service was made on a marshal's formal certificate of diligent effort and inability to find the defendant, and on an affidavit of the attorney's clerk that he had made diligent attempts to serve defendant, a resident of New York, and wife of L., of a given address, who at times lived separate from him, and was recently residing at a certain street and number, but that she had removed her things from that address; that he had made diligent efforts to locate her, but the place of her sojourn could not be found; and that, if she was in the city of New York, she avoided service, so that personal service could not be made. *Held*, that such affidavit did not state facts showing the efforts made to obtain service, and was therefore not a substantial compliance with Municipal Court Act, Laws 1902, p. 1500, c. 580, § 32, specifying the particulars required to be stated in an affidavit for an order for substituted service.

2. JUDGMENT—VACATION—SERVICE.

Where a default judgment was based on an order for substituted service obtained on an affidavit failing to show efforts made to serve defendant personally, and defendant's trustee, in support of a motion to vacate, deposed on knowledge that defendant was not a resident of New York, but for a year had been a resident of Germany, information of which had been given to plaintiff's attorney two months before, the judgment could not be sustained.

3. SAME—VACATION—REMEDY.

Where a default judgment was based on an order for substituted service which had been improvidently granted, defendant's remedy was by appeal, as provided by Municipal Court Act, Laws 1902, p. 1578, c. 580, §§ 310, 311, and not by a motion for an order to set aside the order for substituted service.

4. APPEAL—APPEALABLE ORDER—DEFAULT—VACATION.

An order of a Municipal Court opening a default is not appealable.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Anton H. Wolter and another against Clara Liebmann. From an order setting aside an order for substituted service and vacating a judgment by default in the Municipal Court of New York, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Charles La Rue, for appellants.

E. H. Westerfield, for respondent (for purpose of this motion only).

MacLEAN, J. An order for substituted service was made upon a marshal's formal certificate of diligent efforts and inability to find the defendant, and upon the affidavit of the attorney's clerk asserting baldly that he had made diligent attempts to serve the defendant, a resident

of 'the city of New York, and the wife of H. L. Liebmann (of a given address), but at times living separate from him, and recently residing at 501 West 115th street, "but she has removed her things from the said address," and that he had made diligent effort to locate her, but the place of her sojourn could not be found, and, if she is in the city of New York, she avoids service, so that personal service could not be made.

Obviously, these assertions, based upon assurance, rather than known facts, were a scanty substitute for the particulars required by section 32 of the Municipal Court Act (Laws 1902, p. 1500, c. 580), and upon scrutiny would hardly have satisfied the learned justice who granted the order. The motion resulting in the order here appealed from rested,. however, not merely upon the infirmities of the original papers, but also upon an affidavit by the defendant's trustee, deposing upon knowledge that the defendant is not a resident of New York, but that she for a year has been a resident of Berlin, Germany, information of which he had given the plaintiff's attorney two months ago. Manifestly enough, the judgment should not stand. It might not, however, be set aside in such fashion; the remedy respecting the judgment being by appeal. Sections 310, 311, Municipal Court Act.

In so far as the motion was for opening the default, it was cognizable by the learned justice. But an order opening a default is not appealable, and this appeal must be dismissed, with costs.

Appeal dismissed, with costs. All concur.