(56 Misc. Rep. 684.)

## DURYEE v. HUNT.

### (Supreme Court, Appellate Term.   December 20, 1907.)

1. COURTS—NEW YORK MUNICIPAL COURT—JUDGMENT BY DEFAULT—RELIEF OF DEFENDANT.

   Prior to Laws 1907, p. 554, c. 304, § 253, which took effect September 1, 1907, and amended Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, that court had no power to vacate a judgment or to set aside the alleged service of summons on the ground that the summons had never been served, and the only remedy given a defendant who claimed that he had never been served with summons was an appeal from the judgment, under Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing that, where a judgment is rendered against defendant in an action wherein he did not appear and was not personally served with summons, he may appeal therefrom within 20 days after personal service upon him by plaintiff of written notice of the entry of the judgment.

2. SAME—APPEAL—DECISIONS REVIEWABLE — OPENING DEFAULT JUDGMENT — AFFIDAVITS.

   Where a defendant appeals from a default judgment of the Municipal Court of the city of New York and from an order denying his motion to set aside the service of summons because he had not been personally served, and his appeal is not governed by Laws 1907, p. 554, c. 304, § 253, amending Municipal Court Act, Laws 1902, p. 1562, c. 580, and giving the court power to vacate a judgment because of no service of summons, the court may consider the appeal as being taken under Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, providing for an appeal from a judgment in such cases, and which gave a defendant his only remedy prior to the amendment, and may consider the affidavits submitted by defendant in the court below to support his contention that no service had been made upon him as being the proof relied upon by him on appeal to show nonservice of the summons; and if the affidavits were not served upon the plaintiff's attorney, and he had no notice that defendant intended to rely upon them on appeal, he may be allowed to controvert the allegations contained therein, if deemed necessary.

3. SAME—PROCESS—SUBSTITUTED SERVICE—SUFFICIENCY OF AFFIDAVITS.

   Municipal Court Act, Laws 1902, p. 1500, c. 580, § 32, provides that an order for substituted service of summons upon a defendant residing within the city may be made, etc.   It appeared from affidavits that a clerk, to whom a summons issued July 16th was given to serve, called at defendant's business address and was informed that defendant had moved. He then called at another address, given in a directory as defendant's residence, and was told that defendant had moved to the country and would return in September.   He called again in September, and was told that defendant had moved and that his informant did not know where.   It appeared from defendant's affidavit and that of his attorney that he had no residence in the city after June 27th, that he disposed of his business in June 21st, and returned to his country home.   *Held*, that the affidavits were insufficient to support an order for substituted service, since they did not show that defendant had either a place of business or a residence in the city after a date some time prior to the issuance of the original summons.

4. APPEAL—RECORD—CONCLUSIVENESS OF RETURN—AFFIDAVITS.

   A return on appeal is conclusive on an appellate court, and affidavits to strengthen it will not be considered.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John K. Duryee against Willard W. Hunt.   From a default judgment against defendant, and an order denying his motion to set aside the service of summons, he appeals.   Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Foley & Powell, for appellant.
Wilbur, Norman & Kahn, for respondent.

McCALL, J. Upon the return day of the summons in this action the defendant appeared specially and moved to set aside the service of the summons, upon the ground that no service had been made upon him. Affidavits were presented by the defendant in support of his contention, and also by the plaintiff in opposition, the contents of which affidavits we shall refer to hereafter. The motion was denied, and an order duly entered to that effect. The defendant not appearing further in the action, judgment was subsequently rendered by default against him. From this judgment the defendant appeals, and in his notice of appeal states that he intends to bring up for review the aforesaid order.

Prior to the amendment to section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580) by chapter 304, p. 554, Laws of 1907, which took effect September 1, 1907, there existed no authority in that court to vacate a judgment, or set aside the alleged service of a summons, upon the ground that such summons had never been served. Diehl v. Steele (Sup.) 97 N. Y. Supp. 1024. The amendment referred to has no application to this case. The only remedy given to a defendant, who claimed that he never was served with a summons, was to appeal from the judgment under the provisions of section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580). So far, then, as the motion made by the defendant to set aside the service of the summons is concerned, his motion should have been dismissed in the court below. A situation similar to this, was presented in the case of Mann v. Meryash (at the November term of this court) 107 N. Y. Supp. 599, and Mr. Justice Bruce, writing the opinion of the court, said:

"The defendant has, however, appealed from the judgment, and for the purpose of disposing of the appeal we may consider it as having been taken under section 311, supra, and we may consider the affidavits submitted by the defendant in the court below, inasmuch as they form part of the return, as being the proof relied upon by him on this appeal to show nonservice of the summons; and as such affidavits were never served upon plaintiff's attorney, and as no notice was given him that the defendant intended to rely upon them on this appeal, an opportunity to controvert the allegations contained therein would be given him, if it was deemed necessary."

That is undoubtedly the proper practice to follow. It is not claimed by the plaintiff in this case that personal service of the summons was ever made upon the appellant, but that jurisdiction was obtained over him by reason of substituted service. The original summons was issued July 16, 1907. The defendant swears in his affidavit that he—

"has had no residence in the city of New York since June 27th; that on June 21, 1907, he disposed of all his business interests in this city and returned to Chautauqua county, his former place of residence; and that he vacated his apartments at No. 418 Central Park West on June 27, 1907."

In this he is fully corroborated by the affidavit of James C. Foley, the defendant's attorney, who gives at length and in detail all the facts

relating to appellant's change of residence, etc. Opposed to these unqualified statements is that of one Seelig, a clerk in the office of plaintiff's attorneys, who says that he was given the summons and complaint to serve on July 16, 1907; that "the business address of the defendants Hunt was in the Times Building; that he called there and was informed by the elevator starter that the Hunts had removed, but they did not know where." He says that he then ascertained, from the directory, that one of the defendants resided at the Braender, No. 418 Central Park West, and upon inquiry there he was told by the hall man that Hunt was in the country and would return in September. Upon calling again in September the hall man said that Hunt had removed, but he did not know where. An order for substituted service based upon these affidavits was made on October 23, 1907.

The statements contained in these affidavits were entirely insufficient upon which to base such an order. Section 32 of the Municipal Court act provides that:

"An order for the service of a summons, upon a defendant residing within the city, may be made in the district in which the action is brought," etc.

There was nothing in the affidavits upon which the order was based showing that the defendant had either a place of business or a residence in the city after a date some time prior to the issuance of the original summons in this action. It is also evident that no further affidavits bearing upon this question could be presented by the defendant that would change the situation. After the return was filed herein, and on the first day of the term, the respondent's attorney handed up an affidavit, in an attempt, evidently, to strengthen the return. This affidavit, even if we could weigh its contents, which we cannot do, has no bearing upon the question at issue. The return, as settled by the justice who tried the case, is conclusive upon this court, and the practice of handing up affidavits, for the purpose of adding to a return, has been emphatically disapproved by this court. Forman v. N. Y. Transportation Co. (Sup.) 95 N. Y. Supp. 581.

Judgment as to William W. Hunt, as executor, etc., appellant, reversed, and complaint dismissed, with costs. All concur.