relating to appellant's change of residence, etc. Opposed to these unqualified statements is that of one Seelig, a clerk in the office of plaintiff's attorneys, who says that he was given the summons and complaint to serve on July 16, 1907; that "the business address of the defendants Hunt was in the Times Building; that he called there and was informed by the elevator starter that the Hunts had removed, but they did not know where." He says that he then ascertained, from the directory, that one of the defendants resided at the Braender, No. 418 Central Park West, and upon inquiry there he was told by the hall man that Hunt was in the country and would return in September. Upon calling again in September the hall man said that Hunt had removed, but he did not know where. An order for substituted service based upon these affidavits was made on October 23, 1907.

The statements contained in these affidavits were entirely insufficient upon which to base such an order. Section 32 of the Municipal Court act provides that:

"An order for the service of a summons, upon a defendant residing within the city, may be made in the district in which the action is brought," etc.

There was nothing in the affidavits upon which the order was based showing that the defendant had either a place of business or a residence in the city after a date some time prior to the issuance of the original summons in this action. It is also evident that no further affidavits bearing upon this question could be presented by the defendant that would change the situation. After the return was filed herein, and on the first day of the term, the respondent's attorney handed up an affidavit, in an attempt, evidently, to strengthen the return. This affidavit, even if we could weigh its contents, which we cannot do, has no bearing upon the question at issue. The return, as settled by the justice who tried the case, is conclusive upon this court, and the practice of handing up affidavits, for the purpose of adding to a return, has been emphatically disapproved by this court. Forman v. N. Y. Transportation Co. (Sup.) 95 N. Y. Supp. 581.

Judgment as to William W. Hunt, as executor, etc., appellant, reversed, and complaint dismissed, with costs. All concur.

---

### PASTER v. MEYER.

(Supreme Court, Appellate Term. December 20, 1907.)

1. JUDGMENT—CONFORMITY TO PROOF—JUDGMENT FOR AMOUNT IMPOSSIBLE UNDER EVIDENCE.

Where plaintiff sued for $94.50, and defendant introduced a receipted bill for $37.50 of the amount, together with a bill of $76 for medical services rendered plaintiff and a claim of $10.60 overcharges made by plaintiff, and defendant's evidence was substantially undisputed, a judgment of $20 for plaintiff was erroneous, since by no combination of the sums given in evidence could that amount be arrived at.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 243–245, 452.]

2. APPEAL—RESERVATION OF GROUNDS OF REVIEW—FAILURE TO MAKE OBJEC-
TION—NEW TRIAL.
　　Where no objection is made in the trial court that the motion for a new
trial was not made in time, the question cannot be raised on appeal.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error,
§§ 1333–1337.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Louis Paster against Leo B. Meyer. Judgment for plaintiff, and·defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Louis S. Posner, for appellant.
A. I. Gordon, for respondent.

PER CURIAM. Plaintiff is a tailor, and brought this action to recover the price of two ladies' suits at the agreed price of $35 each and for cleaning and pressing clothes for the defendant; the total amount of plaintiff's claim aggregating $94.50. The defendant, a physician, claims, and his claim is substantially undisputed, that the plaintiff was indebted to him for services rendered to the amount of $76, and that he had paid some of the items on plaintiff's bill, notably for one of the suits charged for; and he produced upon the trial a receipted bill which clearly established such payment. The receipted bill, together with the items for medical services, aggregate $124.10. Nevertheless the plaintiff had a judgment for $20.

From an examination of the record it is impossible to ascertain upon what basis of calculation the judgment for this amount was arrived at. The plaintiff claimed $94.50. The amount allowed the defendant, therefore, must have been $74.50; but there is no proof in the case which by any reasonable calculation would disclose such sum. Defendant's proof was a receipted bill for $37.50, his bill for medical attendance $76, and a claim of $10.60 for overcharges made by the plaintiff. By no combination of these figures can the deduction from plaintiff's bill of $74.50 be reached. The judgment can be sustained only by the arbitrary use of figures for which there is no basis in the evidence.

No objection was made in the court below that the motion for a new trial was not made in time, and it cannot be raised for the first time upon appeal. Duryee v. Hunt (decided at present term) 107 N. Y. Supp. 734.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

POST v. INGRAHAM.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

TRUSTS—TESTAMENTARY TRUSTEES—ACCOUNTING—JURISDICTION.
　　The Surrogate's Court, and not the Supreme Court, is the proper tribunal
for proceedings for settlement of the accounts of a testamentary trustee;
and the fact that the trustee has died is no ground for proceeding against
his executor in the Supreme Court, as Code Civ. Proc. § 2606, gives the