NEW YORK LEASING CO. v. O'BRIEN.

(Supreme Court, Appellate Term.   June 5, 1908.)

1. PROCESS—SUBSTITUTED SERVICE—STATUTES.
    The statutes providing for substituted service of process are mandatory, and to confer jurisdiction on the court they must be strictly followed.

2. COURTS—MUNICIPAL COURTS—PROCESS—SUBSTITUTED SERVICE—GROUNDS—"AVOIDING SERVICE OF PROCESS."
    An affidavit averring that affiant on two occasions went to the residence of defendant to serve process on her, and was there informed that de-

fendant was a trained nurse and was absent from home, engaged in pursuing her vocation, does not show that defendant was avoiding service of process, within Municipal Court Act, Laws 1902, p. 1500. c. 580, § 32, authorizing substituted service on a defendant avoiding service.

3. SAME.

Under Municipal Court Act, Laws 1902, p. 1500, c. 580, § 32, providing that the order for substituted service of process may be granted on certain proof "after an alias summons" is issued, an order granted on affidavits made prior to the date of the first alias issued is void.

4. SAME.

Municipal Court Act, Laws 1902, p. 1501, c. 580, § 34, providing that, when substituted service is made, the order and papers on which the same is granted must be filed "not less than six days before the return date of the summons," and that otherwise the order shall be inoperative, is imperative and compliance therewith is absolutely necessary to confer jurisdiction on the court.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the New York Leasing Company against Mary E. O'Brien. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and Dayton and GERARD, JJ.

Henry Fluegelman, for appellant.
Pliny W. Williamson, for respondent.

PER CURIAM. The defendant appeals from a judgment rendered against her without personal service of the summons having been made, or appearance by her in the court below. The court below based its judgment upon jurisdiction of the person claimed to have been obtained by substituted service upon the defendant. It is difficult to see how more errors could have been committed in the attempt to follow the statute in regard to substituted service than was made in this case.

By section 32 of the Municipal Court act (Laws 1902, p. 1500, c. 580) an order for substituted service of a summons upon a defendant residing within the city may be made by the court upon satisfactory proof, by the affidavit of a person not a party to the action and the return of a marshal, that proper and diligent effort was made to serve the summons upon the defendant, and that his place of sojourn cannot be found, or, if he is within the city, that he avoids service, so that personal service cannot be made. It is almost needless to say that this section, as well as the other provisions regarding substituted service of process, is mandatory, and that to confer jurisdiction upon the court the statute must be strictly followed. Sills v. Gaffney, 47 Misc. Rep. 366, 93 N. Y. Supp. 541. The affidavit upon which the order was based simply states that upon two occasions the affiant went to the residence of the defendant, and was there informed that the defendant was a trained nurse and was at those times absent from home, engaged in pursuing her vocation. This is entirely insufficient to show that the defendant was "avoiding" service of process. Wol-

ter v. Liebmann, 52 Misc. Rep. 517, 102 N. Y. Supp. 487; Duryee v. Hunt, 56 Misc. Rep. 684, 107 N. Y. Supp. 734.

The order for the substituted service was fatally defective. It was signed by a person who designated himself as "Justice of the City Court of the City of New York," and whether or not the person so signing the order was a justice of the Municipal Court does not appear. The order recites that it was granted upon the affidavits of two persons therein named. It is stated that these affidavits were verified on March 5, 1908. The original summons was issued February 27, 1908, returnable on March 10, 1908. Section 32 of the Municipal Court act provides that the order shall not be granted until certain proof is presented "after an alias summons" is issued. Any order granted upon affidavits made prior to March 10, 1908, the date of the first alias issued, would therefore be void. There are no affidavits in the record verified March 5, 1908, but there are two affidavits verified March 24th; but no reference is made to them in the order, and they do not appear to have been read when the order was granted. Section 34 of the Municipal Court act provides that the order and the papers upon which the same is granted must be filed not less than six days before the return day of the summons. This is imperative, and absolutely necessary to confer jurisdiction upon the court. Dalton v. Mills (Sup.) 91 N. Y. Supp. 733; Sills v. Gaffney, supra; Skinner v. Jordan, 46 Misc. Rep. 92, 91 N. Y. Supp. 322. This provision could not have been complied with, as the affidavit of the service of the papers was verified March 27, 1908, and the summons was returnable March 31, 1908, so that it is impossible, and there is no proof in the record that the papers were filed six days before the return day.

Other fatal errors also appear in the record, but enough has been pointed out to show that the judgment rendered was absolutely without jurisdiction.

Judgment reversed, with costs, and complaint dismissed.