### HELD v. BROADBELT.

(Supreme Court, Appellate Term. January 8, 1909.)

1. JUDGMENT (§ 393*) — VACATION — WANT OF JURISDICTION—EXAMINATION OF EVIDENCE.

    If affidavits upon which an order for substituted service on a defendant is made are insufficient, the court obtains no jurisdiction over defendant by such service, and hence may vacate the order for such service upon defendant's motion, without considering his affidavits attacking plaintiff's affidavits, and upon the sole ground that plaintiff's affidavits were insufficient.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 755; Dec. Dig. § 393.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—SUBSTITUTED SERVICE.

    Municipal Court Act (Laws 1902, p. 1500, c. 580), § 32, permits substituted service of summons on defendant after issuance of an alias summons, upon proof by affidavit and the return of a marshal that diligent effort has been made to serve defendant, who is within the city, and that he avoids service. An original and two alias summons having been issued

---

and not served, affidavits for substituted service showed that one affiant had repeatedly called at defendant's residence and was always told by the person at the door that defendant was out, and that the person had no idea when she would return, but it did not appear at what hours she had called, nor whether she was endeavoring to serve the original or the alias summons; that another affiant, when the original summons was issued, learned by telephone that defendant was at home, and upon calling there was first told by her husband that she was not there, and finally that she was at home, but would not see affiant, that he called the next day, and was told by an attendant at the door that defendant was not at home. It did not appear that defendant knew of or authorized the statements of her husband or the attendant, nor that any further efforts were made to serve the summons. The marshal's return simply stated that he had not been able to find defendant, though he had made "diligent search." *Held,* that defendant's avoidance of service was not sufficiently shown.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—SUBSTITUTED SERVICE—AFFIDAVITS.

Substituted service of the second alias summons being asked, it should have been shown that some effort was made to serve the first alias summons, and that defendant was endeavoring to avoid service of that summons.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by R. Johnson Held against Lelia Broadbelt. From a judgment for defendant and an order setting aside an order of substituted service, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

L. Harding Rogers, Jr., for appellant.
Kirk & Conry, for respondent.

GILDERSLEEVE, P. J. The plaintiff caused a summons to be issued on July 29, 1908, returnable on August 5, 1908. Personal service of the summons not having been made, two alias summons were issued, and, neither of these having been served, a justice of the Municipal Court granted an order on August 12th for substituted service. The summons served under the provisions of the order was returnable on August 19, 1908, on which day the defendant appeared by attorney and moved to vacate the order for substituted service, and the case was adjourned for one week. On August 19th the defendant gave a written notice of motion returnable August 26th to which date the case, as before stated, had been adjourned, asking for an order vacating and setting aside the order for substituted service. This notice of motion was accompanied by several affidavits controverting the statements contained in the affidavits upon which the order for substituted service was based. Upon August 26th the motion was heard, and an order made by the justice, who granted the order for substituted service, vacating and setting aside such order upon the ground that "it appearing that the papers upon which said order of

substituted service was granted were insufficient upon their face."
Thereafter a judgment dismissing the complaint without prejudice to
a new action was entered against the plaintiff, and from such judg-
ment he appeals, and states in his notice of appeal that he brings up
for review the order vacating the order providing for substituted
service.

·The court vacated the order upon the insufficiency of the proof
given, evidently not considering the affidavits offered by the defendant,
attacking the truth of plaintiff's affidavits. This the court undoubted-
ly had power to do, as, if the allegations in the affidavits upon which
the order for substituted service was made were insufficient, the court
could not obtain jurisdiction over the person of the defendant by sub-
stituted service. Sills v. Gaffney, 47 Misc. Rep. 366, 93 N. Y. Supp.
541. We must therefore determine whether the affidavits submitted
by the plaintiff, upon which was founded the order for substituted
service, stated facts in compliance with the requirements of section
32 of the Municipal Court Act (Laws 1902, p. 1500, c. 580). That sec-
tion reads as follows:

"An order for the service of a summons upon a defendant residing within
the city, may be made by the court in the district in which an action is brought
after an alias summons has been duly issued, upon satisfactory proof by
the affidavit of a person not a party to the action, and the return of a marshal,
that proper and diligent effort has been made to serve the summons upon the
defendant, and that the place of his sojourn cannot be found, or if he is
within the city that he avoids service so that personal service could not be
made."

From this section it will be seen that, where, as in the case at bar,
the defendant is within the city, it must be shown that he "avoids
service so that personal service could not be made." Two affidavits
were presented to the court below, the allegations of which, the ap-
pellant claims, are ample compliance with the provisions of said sec-
tion, and show that the defendant avoided service. One is by Kath-
erine M. Mostow, who testifies:

"That she has made diligent and proper efforts to serve the defendant in
this action by continually and repeatedly calling at the residence of the de-
fendant, No. 233 West Seventy-First street, * * * and has been told at
all times that said defendant was out, and that she has been repeatedly told
upon said occasions by the person who came to the door that said person had
no idea as to when defendant would return."

This affidavit is clearly defective. When or at what time the affiant
called at defendant's residence does not appear, and such calls may
have been made at most unreasonable hours, or at times when it was
reasonable to presume that defendant would be out, and whether or
not the efforts to make service were made with reference to the serv-
ice of the original summons or of the alias summons is not stated.
The statements are therefore vague and indefinite and insufficient to
prove avoidance of service by the defendant. Wolter v. Liebmann,
52 Misc. Rep. 517, 102 N. Y. Supp. 487.

The other affidavit is made by one Clancy, who testifies, in sub-
stance: That on July 29, 1908, which was the day the original sum-
mons was issued, he called up the defendant's residence by telephone

at about 7:30 p. m., and learned that she was at home. He then proceeded to her house, and, when the defendant's husband came to the door, he asked for the defendant. Upon being asked his business with her, he said he had a summons to serve upon her, and was then told by the husband she was not at home. Upon informing the husband that he (Clancy) had just previously had the defendant upon the telephone, the husband then replied:

"Well, she is at home, but will not see you."

He further says that again on the morning of the 30th of July he visited the defendant's residence, but that the attendant at the door "recognized him," and told him the defendant was not at home. The first alias summons was issued on July 31st upon the affidavit of this same Clancy, who then testified that the original summons was not served for the reason that, "after diligent search, I could not find the defendant." The second alias summons was issued on August 11th, and it nowhere appears that between July 30th and August 11th any efforts whatever were made to serve the summons herein other than those made on July 29th and 30th aforesaid, and the order for substituted service was based upon the efforts alleged to have been made on these days, as showing that the defendant "avoided service," coupled with the general statement by the marshal that he had not been able to find the defendant, although he had made "diligent search."

We think the court below was correct in vacating the order. The defendant can hardly be charged with "avoiding" service of process, because upon one occasion one or two days before an alias summons is issued a process server is informed by her husband, and the next day by a door attendant, that the defendant would not see him, or is out, especially in the absence of anything tending to show that the defendant knew of or authorized such statements to be made. N. Y. Leasing Co. v. O'Brien (Sup.) 110 N. Y. Supp. 1031. It would seem that, after the first alias summons was issued on July 31st, it should have been shown that some effort was made to serve that summons, and some evidence given that the defendant was endeavoring to avoid service of that summons, and the order for substituted service, to be made of a second alias summons, should not have been granted upon such slight evidence of an abortive attempt to serve the original summons only.

Judgment and order affirmed, with costs. All concur.