(72 Misc. Rep. 393.)

### ALPHA PORTLAND CEMENT CO. v. P. & A. SAUER, Inc.

(Supreme Court, Appellate Term. June 29, 1911.)

COURTS (§ 189\*)—MUNICIPAL COURTS—PROCEDURE—DEFAULT JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) §§ 32–34, providing for substituted service of summons, no reference being made to service of the complaint, and section 147, providing that judgment may be taken on a verified complaint in certain cases, where a copy of the verified complaint was served on defendant at the time of the service of the summons, though an order directed substituted service of the summons and complaint, and the affidavit of the process server shows service of the summons and complaint, plaintiff is not entitled to judgment on failure of the defendant to appear, on filing the verified complaint, without furnishing other proof; the court being authorized to enter judgment on the verified complaint only on personal service of the summons and complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Alpha Portland Cement Company against P. & A. Sauer, Incorporated. From a judgment dismissing the complaint, and from an order denying a motion to vacate the judgment, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Louis H. Porter (William C. Dodge, of counsel), for appellant.

SEABURY, J. This action was commenced by the service of a summons, in accordance with an order of a justice of the Municipal Court directing substituted service. The order directed that service of the "summons and complaint" be made in the manner provided for in section 33 of the Municipal Court act (Laws 1902, c. 580). A verified complaint was attached to the summons, and the process server swears that he affixed a copy of the "summons and complaint," together with the order for substituted service, in accordance with the directions contained in the order. Upon the return day the defendant did not appear, and the justice refused to permit the plaintiff to enter a judgment without making proof of his claim, other than filing the verified complaint; and, the plaintiff claiming the right to enter a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

judgment upon the verified complaint alone and refusing to furnish other proof, the court below rendered judgment against plaintiff without prejudice to a new action, and also denied a motion to vacate the judgment. From the judgment and order the plaintiff appeals.

The court below was correct in its action. Section 32 of the Municipal Court act declares that an order "for the service of a summons" may be made by the court under the circumstances therein specified. Section 33 declares that the order must direct "that service of the summons" be made according to the provisions therein named. It will be seen, therefore, that there is no provision for the service of a complaint by substituted service, and attaching a verified complaint to a summons that has been ordered to be served by substituted service gives the court no authority to enter judgment upon that proof alone. The only section of the act permitting a judgment to be entered upon a verified complaint is section 147, and that provides that judgment may be taken upon a verified complaint in certain cases, where "a copy of a verified complaint was served on defendant at the time of the service of the summons." This, taken in connection with the other section referred to, clearly indicates that the verified complaint must be personally served upon the defendant; there being no authority in the Municipal Court act for substituted service of a verified complaint. Section 34 does not aid the appellant. That section provides that, on filing the affidavit showing service according to the order, "the summons is deemed served," and the same proceedings may be taken thereupon as if personal service thereof has been made, etc., clearly showing that the statute contemplates merely the service of the summons.

Judgment and order affirmed, but, as defendant does not appear, without costs. All concur.