LLOYD HUGHES, Respondent, *v.* PEERLESS UNIT VENTILATION COMPANY, INC., Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Pleading — in Municipal Court of city of New York — deposition — Supreme Court — actions — what may be considered as a complaint — Municipal Court Code, §§ 19, 20, 27(4), 78.

Under section 78 of the Municipal Court Code the indorsement upon a summons issued by the Municipal Court of the city of New York showing the nature and substance of the plaintiff's cause of action may be considered as the complaint which under sections 19 and 20 of said Code the defendant is required to answer.

In such case the court, under section 27(4) of said Code, as amended in 1916, which provides that the deposition of an adverse party may be taken in the same manner as in the Supreme Court, may grant an order for the examination of defendant before trial in order that plaintiff may prepare an amended complaint.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan,

ninth district, denying a motion to vacate an order for the examination of the defendant before trial.

Pressinger & Newcombe, (Elmer E. Wigg, of counsel), for appellant.

Roger Hinds, for respondent.

PHILIBIN, J.   The order for the examination of the defendant before trial was obtained for the purpose of framing a complaint.

The affidavit upon which the order for the examination is based states that the summons has been issued and will be served with the order for which application is made.   The summons is part of the record and has an indorsement thereon showing the nature and substance of the plaintiff's cause of action.

In the Municipal Court an action cannot be commenced by the service of a summons alone.   *Steffens* v. *Martin,* 100 Misc. Rep. 263.   There must be submitted to the court a written complaint, accompanying the summons, or an indorsement on the summons stating the nature and substance of plaintiff's cause of action. This indorsement may be considered as a normal complaint within the provisions of section 78 of the Municipal Court Code; and the defendant is required to answer such indorsement as " the complaint " (Mun. Ct. Code, §§ 19, 20) in the action.   The complaint having thus been made and served in the instant case, there was, strictly speaking, no ground upon which the court could grant an order to prepare one.   However, if we consider substance rather than form, it appears that the plaintiff is in reality asking for an examination to prepare an amended complaint.   Such an application was granted by this court in the case of *Jerrells* v. *Perkins,* 25 App. Div. 348, and under the

Appellate Term, First Department, January, 1918.   [Vol. 102.

amendment of 1916 (Mun. Ct. Code, § 27, subd. 4), providing that in the Municipal Court the deposition of an adverse party may be taken in the same manner as in the Supreme Court, it must be held that the court below had power to make the order appealed from and that, therefore, the appeal must be dismissed.   Id. § 154.

While, therefore, we cannot at this time pass upon the question as to the scope of the order, we think it is too broad and should have been limited so as to provide for an inquiry only as to the terms of any contract between plaintiff's assignor and the defendant and as to the assignor's performance.   If the attention of the court below is called to this point, there is no reason to believe it will not take appropriate action.

GUY and BIJUR, JJ., concur.

Appeal dismissed, without costs.