Frank Di Palma and Achilles Mazza, Respondents, v. Nellie Quinn, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Process — indorsement on summons — service of — default — Municipal Court of city of New York — Municipal Court Code, §§ 19, 20, 78, 129(1).

Section 129 (1) of the Municipal Court Code, which provides that " Upon proof by affidavit or otherwise that a judgment has been taken, * * * without service of summons or process, the judgment * * * must be vacated and set

aside," etc., is new and applies only to a case where no process was ever served upon the defendant.

An indorsement of the words " for goods sold and delivered " upon the summons in a Municipal Court action complies with section 78 of the Municipal Court Code which requires that the " nature and the substance of the cause of action " shall be indorsed upon the summons and that failure so to do renders it void.

Such indorsement is the " complaint " which the defendant is required by sections 19 and 20 of said Code to answer, and an order denying a motion to vacate a judgment entered on defendant's default in appearing on the return day of the summons, which so indorsed had been personally served upon him, will be affirmed.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, third district, denying defendant's motion to vacate a judgment.

Collin A. MacLeod, for appellant.

Harry Feldman, for respondents.

*Per Curiam.* The summons served upon the defendant in this case was not accompanied by a verified complaint but bore this indorsement, " the nature and substance of the cause of action herein is for goods sold and delivered." The defendant did not appear. Judgment was taken on December 26, 1916, and an execution was issued and returned unsatisfied. An examination in supplementary proceedings was begun and after many adjournments and stipulations, the defendant failing to pay the amount of the judgment, a receiver of her property was appointed. On April 6, 1918, she made a motion to vacate the judgment upon the ground that " judgment was taken against

deponent without service upon her of a summons as required by law,'' and defendant claims that the court '' never acquired jurisdiction herein over the person of the defendant and that said judgment is absolutely void.'' This motion was denied and defendant appeals from the order denying the same. The defendant invokes the provisions of section 129, subdivision 1, of the Municipal Court Code, which provides that: '' Upon proof by affidavit or otherwise that a judgment has been taken or a final order made without service of summons or process, the judgment or final order must be vacated and set aside by the court in the district where it was entered.'' This provision is new. Under the former Municipal Court Act, section 253, judgments taken without service of process were regarded as defaults. See *Friedberger* v. *Stulpnagel,* 59 Misc. Rep. 498. It is clear that by the enactment of section 129, subdivision 1, *supra,* the legislature intended that it should apply only to a case where no process was ever served upon the defendant and where consequently the court had acquired no jurisdiction over the person. In the case at bar a summons was served upon the defendant, but the claim is made that the indorsement of no other words than '' for goods sold and delivered '' was not a compliance with the statute which requires that the '' nature and substance of the cause of action '' shall be indorsed and that the failure to so indorse the summons renders it void. It is true that in the Municipal Court an action cannot be commenced by service of a summons alone. *Steffens* v. *Martin,* 100 Misc. Rep. 263. In that case there was no indorsement whatever upon the summons and the court held that it was lacking in a material essential and was therefore void.

There must be submitted to the court a written complaint accompanying the summons or an indorsement

on the summons stating the nature and substance of plaintiff's cause of action. Mun. Ct. Code, § 78., "This indorsement may be considered as a normal complaint within the provisions of section 78 of the Municipal Court Code; and the defendant is required to answer such indorsement as 'the complaint' (Mun. Ct. Code, §§ 19, 20) in the action." *Hughes* v. *Peerless Unit Ventilation Co., Inc.*, 102 Misc. Rep. 214.

If the indorsement fails to state in adequate detail the nature and substance of the cause of action it is deficient as a pleading, and objection thereto can be taken by motion, under section 88 of the Municipal Court Code. But we do not think that a failure to fully set forth the nature and substance of the action in the indorsement is any more fatal to the jurisdiction of the court than would be the case if a verified complaint served with the summons was deficient in some similar particular. Under the former practice a statement of the substance of the complaint when orally made to the court on the return day was indorsed upon the summons and entered in the docket book. There has not been uniformity in the decisions as to what constituted a sufficient compliance with that requirement. In the Appellate Division, second department, in *Maisch* v. *City of New York,* 134 App. Div. 201, it was held that the indorsement "damages to property" was a sufficient compliance, but the same court held later in *Weiner* v. *Yale Knitting Mills,* 138 App. Div. 533, that an indorsement "goods sold and delivered" was insufficient.

This court in *Spitz* v. *New York Taxicab Co.,* 62 Misc. Rep. 492, held that the indorsement "personal injuries, etc.," was not a compliance, and *Reed* v. *Landau,* 115 N. Y. Supp. 1068, is to the same effect. In these cases demurrers were interposed and

allowed, showing that such indorsements were regarded as pleadings.

It follows, therefore, the order appealed from must be affirmed.

Present: GUY, BIJUR and WEEKS, JJ.

Order affirmed, with ten dollars costs.