SALL CANTOR, Plaintiff, *v.* JOHN KILLEN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District,
April 19, 1938.

*Raiden & Temple*, for the plaintiff.

No appearance for the defendant.

EDGAR M. DOUGHTY, Official Referee. This is an application for judgment on an inquest. The proof as to the cause of action is not questioned, but the sufficiency of the alleged service of process is discredited by the court.

An order for substituted service of the summons was granted herein and the plaintiff submits that order, together with its supporting affidavits and affidavit of compliance with the order, in an attempt to prove proper service of the summons. The affidavit of compliance with the order is defective, but its defect can be cured if the requirements of the order were actually met.

The chief defect here is not curable because the difficulty is as to whether the affidavits used on the *ex parte* application for the order for substituted service were sufficient to give jurisdiction to grant it.

Jurisdiction is subject to attack directly or collaterally. (*Matter of Doey* v. *Howland Co., Inc.*, 224 N. Y. 30.)

Substituted service of a summons in the Municipal Court of the City of New York may be effected only on compliance with section 23 of the Municipal Court Code and with sections 230 and 231 of the Civil Practice Act. This procedure by order for substituted service is purely statutory and the provisions in respect thereof are mandatory and must be strictly construed and closely followed. One who applies for that procedure must completely cover the jurisdictional requirements of the statute. If the application fails in that respect there is no jurisdiction to grant the procedure, and an order made without an affidavit presenting a clear, direct and positive statement of the jurisdictional permissive element is null and void and all proceedings taken thereunder are of no effect.

Section 23 of the Municipal Court Code permits substituted service to be made in the case of " a defendant residing or a domestic corporation having its place of business within the city of New York." It is necessary, therefore, to show the fact of an individual defendant's residence within the city in order to establish jurisdiction to grant the order for substituted service. If that jurisdictional fact does not appear in the affidavit upon which the order is granted the order is a nullity. This doctrine is supported by *Sever* v. *Zucca* (106 Misc. 620), which states as follows: " no jurisdiction of the defendant has been acquired by the order which was made herein for the substituted service of the summons upon the defendant because the jurisdictional facts are not made to appear by the moving affidavits."

It must be shown that the defendant resides within the city of New York. (*Athias* v. *Hollingsworth*, 179 N. Y. Supp. 606; *Reiter* v. *Irving*, 128 Misc. 13.) In *Copperfretti* v. *Shephard* (241 App. Div. 872) the rule is stated as follows: " The judgment * * * was illegally obtained upon substituted service and is void, since the requirements of section 23 of the New York City Municipal Court Code were not followed. A judgment may always be attacked directly or collaterally when it is shown that the court never obtained jurisdiction."

There should be no doubt as to the necessity of a statement in the affidavit to establish the required fact of residence as to the defendant. The plaintiff's counsel may concede this point, but he claims that that fact may be established by an affidavit which has

only indirections and descriptions relating to the matter. I hold that indirections and descriptions are fatally short of proof and I also hold that there must be a direct statement by the instrumentality of one or more verbs in the indicative mode and present tense in order to come within the statutory requirement, namely, that the permission runs to a " defendant residing within the city of New York." Prepositions cannot take the place of verbs in a sentence purporting to establish a fact. The statement must be " The defendant *resides* within the city of New York; " or " The defendant *is* a resident of the city of New York; " or " The defendant *has* a place of residence within the city of New York; " or a similar direct statement which would hold the deponent accountable for perjury if the fact of such residence did not then exist. An affidavit is of no value as proof unless its statements directly show facts. A statement may be made upon information and belief, but that must be directly made and supported by further direct statements of sufficient sources of information and sufficient grounds of belief.

The case of *People ex rel.* v. *Becker* (20 N. Y. 354) is unquestioned authority for the law that proof by affidavit is insufficient unless perjury can be assigned upon it. That case provides as to the value of an affidavit that, " the statement shall be made in such manner as to have the direct and positive sanction of the party's oath to its truth; and that, not only so as to bind his conscience by the solemnity of an oath, but also to subject him to the penalties of the law in case the statement is untrue."

*Moore* v. *Monumental Mutual Life Ins. Co.* (77 App. Div. 209) is authority for the rule that mere conclusions stated in an affidavit do not establish facts.

Hence it is obvious that the statement in the affidavit here which reads: " That on the 11th day of October, 1937, she [the deponent] received a copy of the summons and complaint in this action for service on the defendant John Killen at No. 192 Garfield Place, Borough of Brooklyn, City of New York, County of Kings, State of New York, the place of defendant's residence address," is not a statement of fact except as to the word " received; " the other statements therein are by indirection and description and prove nothing whatever. The words " for service *at* the place " or " *at* the residence " do not allege a fact. " At," used here, is only a preposition, not a verb, and the statements as to place and residence are mere descriptions, not a direct and positive oath as to a fact. Even though the defendant was not a resident of the city, the affidavit could not subject the deponent to conviction of perjury because she does not say that the stated address *is* the defendant's residence.

The affidavit also states that " Your deponent called at the defendant's residence address." This is merely an oath as to *calling*, not an oath that it *is* the defendant's residence.

There are other similar statements in the process server's affidavit, but they are all subject to the same weakness as I have explained above. The affidavit of one of the attorneys for the plaintiff states: " That a summons with endorsement thereon was issued  *  *  * for service personally on the defendant at his residence located at 192 Garfield Place, in the Borough of Brooklyn, City of New York." This also fails to be a statement of residence; it states only the fact that a summons *was issued*. The words " at his residence " do not prove a fact; they are merely descriptive; the word " located " is merely another description by the deponent, not an oath as to the fact of residence. If the deponent had said " which *is* located " he may have brought the statement within the requirement of proof of facts. If the statement were untrue a deponent could be punished for perjury for saying " which *is* located " but he would be safe in saying merely descriptively " located."

Matters of jurisdiction may not be lightly considered. It is easy to say, if it be true, that the defendant resides within the city of New York, and it would be dangerous for the courts to permit any less direct assertion to establish jurisdiction. Unless the law holds a party strictly to a direct, positive and unequivocal statement of fact the courts will be enmeshed in numberless fine and doubtful distinctions as to sufficiency of loose language in a carelessly drawn affidavit, or language intended to keep the deponent safe from harm and yet be near enough to give a hint of compliance with the requirements of the statute. The road to jurisdiction must be carefully guarded. Nothing but a direct and positive statement of the fact of residence should permit the granting of an order for substituted service, and if such an order be granted without the appearance in the affidavit of that kind of a statement the order will be of no greater effect than a blank piece of paper.

It may be a hardship to the plaintiff to have obtained an invalid order and thus to have lost his effort to serve process by substitution, but the remedy for that mishap is a more complete knowledge of the law and a more careful attention to the papers before the order is signed. Judgments must not be left open to insecurity of jurisdiction or subject to a mess of rulings which would confuse the law by their liberality rather than strengthen it by a strict requirement of direct and positive jurisdictional proof.