Edwin R. Allen, Plaintiff, *v.* Louis Forman, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, November 17, 1944.

*Milton Altschuler* for defendant appearing specially.

*Abraham L. Lazarus* for plaintiff.

CARNEY, J. This is a motion by the defendant to vacate and set aside an order dated September 14, 1944, permitting substituted service of the summons and complaint, and to vacate and set aside the judgment entered thereon.

On September 14, 1944, one of the justices of this court signed an order on a printed form, granting the right to plaintiff to serve the " summons and complaint " upon defendant by substituted service. The affidavit of the plaintiff's attorney requesting an order for substituted service states that the process server made diligent efforts to serve the " summons and complaint " upon defendant, and asks that an order be made permitting service of the " summons and complaint " upon the defendant by the usual method of serving by substitution. The affidavit of the process server recites that on August 12, 1944, he received for ·personal service a copy of the " summons and complaint ", and then sets forth various other dates when he claims he tried to serve the " summons ", and he asks for an order for substituted service of the summons. The affidavits and the order are printed forms with typewritten matter inserted in the blank spaces.

The defendant defaulted in answering, and on September 28, 1944, a judgment on default was entered, upon another printed ·form of affidavit with the blanks filled in, which affidavit states that the " summons and complaint " were served on the defendant personally.

The defendant on this motion denies any personal service, admits receiving by mail a copy of a summons and of the order granting substituted service, denies·that the order was complied with, and claims the justice did not obtain jurisdiction over the defendant since the affidavits upon which the order is based are vague and indefinite and do not show evasion of service by the defendant.

It is sufficient to say that the affidavit of the process server is of the usual type submitted on printed forms by the hundreds every week, prepared by the process server or his employer, with very little real information contained therein upon which a judge can form an opinion as to whether or not the defendant is evading service. This particular affidavit claims that ten visits were made to the defendant's home, and sets forth no

information as to what took place during these visits, except the claim that on most of the visits the process server spoke to a woman who said she was defendant's wife, that he was not in, and that she did not know when he would be in. The time of the visits is not given, nor is actual conversation recited.

To obtain an order for substituted service the court or judge thereof must be satisfied, by the affidavit of a person not a party to the action, that the defendant is a resident of the city of New York, that proper and diligent effort has ˙ een made to serve the summons on defendant and that defendant avoids service. (N. Y. City Mun. Ct. Code, § 23; L. 1915, ch. 279.)  Mere statements in an affidavit that the person believes the defendant to be evading service and that diligent efforts have been made to serve him, are of no value; the affidavit should set forth *facts* from which the justice proposing to sign the order can make those deductions.  It is my opinion that the affidavits submitted herein did not contain any information from which a judge could reasonably say that the defendant was evading service. (*Held* v. *Broadbelt,* 113 N. Y. S. 1062; *Wolter* v. *Liebmann,* 52 Misc. 517; *New York Leasing Co.* v. *O'Brien,* 110 N. Y. S. 1031.) The court, upon defendant's motion, has the power to vacate or modify an ex parte order previously made by one of the justices of the court.  (Civ. Prac. Act, § 131; N. Y. City Mun. Ct. Code, § 6, subd. 7; *Matter of City of New York* v. *Every,* 231 App. Div 576; *Cantor* v. *Killen,* 167 Misc. 620.)

The defendant claims also that even if the order were properly granted, the plaintiff did not comply with the terms of the order and hence the court did not acquire jurisdiction of defendant, and the judgment is void.  In order to confer jurisdiction upon the court, there must be strict compliance with the statute (N. Y. City Mun. Ct. Code, § 23), and with the order granted thereunder.  (*Sills* v. *Gaffney,* 47 Misc. 366; *Skinner* v. *Jordan,* 46 Misc. 92.)  Prior to 1941 the Municipal Court Code did not provide for substituted service of a summons and complaint. (*Portland Cement Co.* v. *Sauer,* 72 Misc. 393; *Clark* v. *Clark,* N. Y. L. J., Nov. 24, 1937, p. 1813, col. 6; *Matter · of Paletz,* N. Y. L. J., Dec. 16, 1939, p. 2187, col. 3.)  In that year section 23 of the Municipal Court Code was amended to overcome the decision cited above, to permit service of a summons and complaint by substituted service. An examination of that section clearly indicates that throughout the section a clear distinction is made between a summons with an indorsement thereon, or attached thereto, of a statement of the nature and substance of the cause of action, and a summons with a complaint.  It is true that an oral

indorsement on a summons is a complaint within the meaning of sections 19 and 78 of the New York City Municipal Court Code, and possibly section 82. (*Steffens* v. *Martin,* 100 Misc. 263; *Hughes* v. *Peerless Unit Ventilation Co., Inc.,* 102 Misc. 214; *Di Palma* v. *Quinn,* 104 Misc. 93; *Weiner* v. *Yale Knitting Mills,* 138 App. Div. 533.) From the wording of section 23 of the New York City Municipal Court Code I am convinced, however, that when the amendment was made permitting substituted service not only by means of a summons with an indorsement thereon, or attached thereto, but also by means of a summons with a complaint, by the words " with a complaint " was meant a formal, long-form complaint. In this case the plaintiff sought and obtained an order giving the right to serve a summons and complaint, but instead of complying with the order, plaintiff attempted to serve a summons with an indorsement thereon. In my opinion, considering the fact that the statute and the order granted thereunder must be strictly complied with, the plaintiff here failed to comply with the order. The attempted service of the summons without a long form complaint is a nullity, and conferred no jurisdiction upon the court, and the default judgment entered herein is void.

For the reasons set forth above, the order dated September 14, 1944, is vacated, and the judgment heretofore entered on default on September 28, 1944, is vacated and set aside.